## Richmond

## JIMMY DAVIS

v.

## COMMONWEALTH OF VIRGINIA

March 2, 1979.

Record No. 780567.

Present: All the Justices.

*J. Gray Lawrence, Jr. (Howell, Anninos, Daugherty & Brown,* on brief), for appellant.

*Ronald W. Fahy, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

In this appeal, we are called upon to construe the Virginia Habitual Offender Act (Code §§ 46.1-387.1, *et seq.*) when its application is based solely upon convictions obtained in other states.

Pursuant to the provisions of Code § 46.1-387.3[1] the Commissioner of the Division of Motor Vehicles certified transcripts or abstracts of the following convictions of Jimmy Davis: March 26, 1975, District Court of Jackson, North Carolina, "DR WHILE INTOX"; August 27, 1975, District Court of Jackson, North Carolina, "DR WHILE INTOX"; and February 23, 1976, State of South Carolina, "Driving Under the Inf. of Intoxicants". Upon receipt of these records, the attorney for the Commonwealth, complying with the mandatory provisions of Code § 46.1-387.4, filed an information in the trial court against Davis. The trial court, as provided by Code § 46.1-387.5, entered an order requiring Davis to appear at a designated time to show cause why he should not be barred from

---

[1] Code § 46.1-387.3. **Commissioner to certify transcript or abstract of conviction record of habitual offender to attorney for Commonwealth; transcript or abstract as evidence.** — The Commissioner of the Division of Motor Vehicles shall certify, substantially in the manner provided for in § 46.1-34.1, three transcripts or abstracts of the conviction record as maintained in the office of the Division of Motor Vehicles of any person whose record brings him within the definition of an habitual offender, as defined in § 46.1-387.2 to the attorney for the Commonwealth of the political subdivision in which such person resides according to the records of the Division or the attorney for the Commonwealth of the city of Richmond if such person is not a resident of this State. Such transcript or abstract may be admitted as evidence as provided in § 46.1-34.1. Such transcript or abstract shall be prima facie evidence that the person named therein was duly convicted, or held not innocent in the case of a juvenile, by the court wherein such conviction or holding was made, of each offense shown by such transcript or abstract; and if such person shall deny any of the facts as stated therein, he shall have the burden of proving that such fact is untrue.

operating a motor vehicle on the highways of Virginia, in accordance with the provisions of Code § 46.1-387.2.[2]

At the hearing in the trial court, the Commonwealth's sole evidence consisted of the certified transcripts or abstracts of Davis's convictions. Davis moved to strike the evidence on the ground that the Commonwealth had failed to prove that the North Carolina and South Carolina laws under which he had been convicted "substantially conformed" to the comparable Virginia statutes. (Code §§ 18.2-266, *et seq.*).

After taking the matter under advisement, the trial court ruled that in a habitual offender proceeding, a civil matter, the burden of going forward with evidence on any defenses is on the defendant. Hence, the court held that Davis had the burden of going forward with evidence on the issue of the conformity of the foreign laws to their Virginia counterpart. By final order, the court found Davis to be a habitual offender under Code § 46.1-387.2, prohibited him from operating a motor vehicle on the highways of Virginia for a period of ten years and until his privilege to do so has been restored by a court of competent jurisdiction, and directed him to surrender his licenses and permits.

Davis concedes the validity of his convictions in North Carolina and South Carolina, and of the subsequent revocation of his operator's permit by administrative act of the Commissioner. He contends, however, that the burden was on the Commonwealth in the present proceeding to prove the substantial conformity of the

---

[2] Code § 46.1-387.2 provides in pertinent part:

An habitual offender shall be any person . . . whose record, as maintained in the office of the Division of Motor Vehicles, shows that such person has accumulated the convictions . . . for separate and distinct offenses, described in subsections (a), (b) and (c), of this section, committed within a ten-year period . . . as follows:

(a) *Three or more convictions* . . . *of the following separate and distinct offenses arising out of separate acts:*

\* \* \*

(2) Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.1-54 [now § 18.2-266];

\* \* \*

(c) The offenses included in subsections (a) and (b) hereof shall be deemed to include offenses under . . . any law of another state . . . substantially conforming to the aforesaid State statutory provisions.

North Carolina and South Carolina laws, under which he was convicted, with Code § 18.2-266. *See Scott* v. *Hill*, 407 F. Supp. 301, 302 (1976) (referring to a decision of the Circuit Court of the City of Virginia Beach which supports Davis's contention). Legislative intent to require the Commonwealth to prove conformity must be inferred, Davis argues, from the omission from Code § 46.1-387.3 of any language to the contrary. Under that section the transcripts or abstracts of convictions are prima facie evidence that the person therein named was duly convicted, or held not innocent if a juvenile, of the offenses listed, and the burden of proof is expressly shifted to the person denying any of the stated facts. Davis concedes that this provision creates a presumption in respect to the accuracy of the certified records, but he contends that this presumption does not extend to the substantial conformance issue.

Subject to the exception set forth in § 46.1-387.3, as to which we express no opinion, the burden of proof under the Act is upon the Commonwealth and is not shifted by the show cause order. *Willis* v. *Commonwealth*, 190 Va. 294, 56 S.E.2d 222 (1949). In the present case, however, we are concerned not with the burden of proof but with the burden of going forward with the evidence.

■ The purpose of the Habitual Offender Act is to promote highway safety by denying the privilege of operating motor vehicles to those persons "who by their conduct and record" have demonstrated their lack of concern for the safety of others and their disrespect for law and authority. Code § 46.1-387.1. The Act is civil in nature and does not violate any provisions of the United States or Virginia Constitutions. *McIntosh* v. *Commonwealth*, 213 Va. 330, 333, 191 S.E.2d 791, 793-794 (1972).

■ Proceedings under the Act are based upon records which the Commissioner is required to maintain. A copy of the certified transcripts or abstracts of convictions must be served on the defendant with a copy of the show cause order. Under § 46.1-387.2 offenses triggering the operative provisions of the Act include offenses under a law of another state substantially conforming to our law. Hence, the Commissioner is required to maintain a record for Virginia motor vehicle operators showing convictions not only under Code § 18.2-266 but also under similar laws of other states. We believe that it is reasonable to presume that under the statutory scheme of the Habitual Offender Act the Commissioner not only kept accurate records of Davis's convictions but that he also made at least a tentative determination of similarity between the Virginia statute and the laws of the other two states. We

conclude that the effect of the interrelated provisions of the Act is to create a prima facie presumption that the convictions obtained in other states as shown on the certified transcripts or abstracts were not only valid but were obtained under laws substantially conforming to our own. The show cause order did not shift the burden of proof to Davis, but it did shift to him the burden of going forward with evidence to rebut the presumption that the Act applied to his out-of-state convictions which were listed on the certified transcripts or abstracts.

Under Code § 8.01-386, whenever it becomes necessary in a civil action to ascertain what the law of another state was at any time, the trial court "shall" take judicial notice thereof. However, since Davis did not challenge the similarity between § 18.2-266 and the laws under which he was convicted, it was unnecessary for the trial court to comply with the provisions of § 8.01-386.

The judgment will be

*Affirmed.*