## Richmond

### RICHARD RUFTY

### v.

### COMMONWEALTH OF VIRGINIA

March 6, 1981.

Record No. 800696.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, and Thompson, JJ.*

---

* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired January 31, 1981.

*Patrick B. McDermott* (*Scoggin & McDermott,* on brief), for appellant.

*Linwood T. Wells, Jr., Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Code § 18.2-270 provides enhanced punishment for any person convicted of two or more offenses of driving under the influence of intoxicants within a ten-year period. For purposes of § 18.2-270, a conviction under "the laws of any other state substantially similar to the provisions" of Virginia's drunk-driving statutes shall be considered a prior conviction.

In the court below, the defendant, Richard Rufty, was convicted on a warrant charging him with driving under the influence of intoxicants "second or subsequent offense." He was sentenced under the enhanced punishment provisions of Code § 18.2-270.

The prior conviction of drunk driving used below to establish the defendant a second or subsequent offender was obtained in North Carolina in 1975. This prior conviction is shown on a certified transcript of the defendant's driving record prepared by the Virginia Division of Motor Vehicles. The transcript appears in the appendix to the defendant's brief.

No evidence was offered below concerning the provisions of North Carolina's laws on the subject of driving under the influence or concerning the similarity of those laws to Virginia's drunk-driving statutes. The defendant contends the burden was upon the Commonwealth to show the substantial similarity of North Carolina's drunk-driving laws to our own statutes on the subject. The Commonwealth failed to carry this burden, the defendant argues, and, hence, the trial court erred in sentencing the defendant for a second or subsequent offense.

The Attorney General concedes the burden was upon the Commonwealth to prove "that the out-of-State conviction was obtained under

laws substantially similar to those of the Commonwealth." Further, acknowledging the inapplicability of *Davis* v. *Commonwealth,* 219 Va. 808, 252 S.E.2d 299 (1979),[1] the Attorney General concedes the Commonwealth was not entitled to a presumption that North Carolina's drunk-driving laws are substantially similar to ours. Nevertheless, the Attorney General argues that, because the defendant's North Carolina conviction was shown upon the transcript certified by the Virginia Division of Motor Vehicles, "the Commonwealth's evidence made out a *prima facie* case and . . . the Defendant thereupon was placed in the position of having the burden of going forward with the evidence."[2]

We do not agree with the Attorney General. We cannot give the certified transcript the probative effect the Attorney General accords it. The transcript indicates, of course, that North Carolina has a drunk-driving statute. But, because the record of the proceeding below does not show the provisions of the statute, one must resort to

---

[1] *Davis* involved a proceeding under the Virginia Habitual Offender Act, Code §§ 46.1-387.1 to .12, which includes in its coverage convictions for offenses under any law of another state substantially conforming to the provisions of Virginia law pertaining to like offenses. The defense contended the Commonwealth had failed in its burden of proving the substantial conformity of another state's laws to ours. We held that the interrelated provisions of the Habitual Offender Act, combined with the listing of an out-of-state conviction on a transcript certified by the Virginia Division of Motor Vehicles, created a prima facie presumption that the foreign conviction was obtained under laws substantially conforming to ours. The *Davis* proceeding, however, was civil in nature. The present case, of course, is a criminal prosecution. Furthermore, we find no interrelated provisions of the statutes presently under review that would permit the creation of a presumption of substantial similarity in favor of the Commonwealth.

[2] In the Commonwealth's brief, citing Code § 19.2-265.2, the Attorney General suggests that the trial court took judicial notice of North Carolina's laws pertaining to drunk driving and thus relieved the Commonwealth from proving the provisions of those laws and their similarity to ours. The record, however, does not show that the trial court took judicial notice of North Carolina's laws. Furthermore, even if we assume the court took judicial notice of those laws, it failed to enter of record the provisions of the laws it noticed.

Code § 19.2-265.2 reads:

>    *Judicial notice of laws.*—A. Whenever, in any criminal case it becomes necessary to ascertain what the law, statutory or otherwise, of this Commonwealth, of another state, of the United States, of another country, or of any political subdivision or agency of the same is, or was, at any time, the court shall take judicial notice thereof whether specially pleaded or not.

>    B. The court, in taking such notice, shall consult any book, record, register, journal, or other official document or publication purporting to contain, state, or explain such law, and may consider any evidence or other information or argument that is offered on the subject.

speculation concerning those provisions and must engage in conjecture to conclude they are substantially similar to Virginia's drunk-driving laws. Thus, the showing made by the certified transcript was insufficient to carry the Commonwealth's burden of proving substantial similarity and to shift to the defendant the burden of going forward with evidence of dissimilarity.

Accordingly, it was error to sentence the defendant pursuant to the enhanced punishment provisions of Code § 18.2-270. For this error, the sentence imposed upon the defendant will be vacated, and the case will be remanded for resentencing on the basis the defendant's conviction below was for a first offense.

*Reversed and remanded.*