## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

v.

Rocky Lane Clark

May 21, 1988

Case No. (Law) 87-111

By JUDGE ROBERT K. WOLTZ

This opinion resolves issues raised on a proceeding to declare the defendant an habitual offender under the Habitual Offender Act. *See* Code §§ 46.1-387.1 *et seq.* The defendant was duly served under § 46.1-387.5 with an order to show cause why he should not be declared an habitual offender. As required by that section, the transcripts or abstracts of conviction documents mentioned in Section 46.1-387.3 were incorporated with the order and served upon the defendant. At issue principally is whether an alleged out-of-state conviction is properly shown to exist, and second, whether in any event that conviction is under laws substantially similar to those of Virginia. On both issues, the defendant has failed of proof.

Section 46.1-387.2 defines an habitual offender as one who has been duly convicted of a certain number of offenses related to the operation of motor vehicles within a ten-year period. Under subsection (a), three convictions of offenses enumerated therein and twelve of the type specified in subsection (b) are sufficient to make one an habitual offender. Subsection (c) provides as follows:

The offenses included in subdivisions (a) and (b) hereof shall be deemed to include offenses under any valid town, city or county ordinance paralleling and substantially conforming to the state statutory provisions cited in subdivisions (a) and (b) hereof and all changes in or amendments thereof, and any federal law, any law of another state or any valid town, city or county ordinance of another state *substantially conforming* to the aforesaid state statutory provisions. (Emphasis added.)

The Commissioner of the Department of Motor Vehicles is required by § 46.1-387.3 to certify from the records in his department "transcripts or abstracts of those conviction documents which bring the person named therein within the definition of an habitual offender." In this case, those certified by the Commissioner and served on the defendant were two convictions for driving while intoxicated from Virginia courts and one of a driving record received from the State of West Virginia of "Driving Under the Influence" which gave various data concerning the defendant but did not disclose where or in what court the conviction was had.

The same section concludes as follows:

Such transcript or abstract shall be prima facie evidence that the person named therein was duly convicted, or held not innocent in the case of a juvenile, by the court wherein such conviction or holding was made, of each offense shown by such transcript or abstract; and if such person shall deny any of the facts as stated therein, he shall have the burden of proving that such fact is untrue.

Proceedings to declare one an habitual offender are civil in nature. *Davis v. Commonwealth*, 219 Va. 808 (1979); *Shope v. Commonwealth*, 228 Va. 203 (1984). *See also, McClure v. Commonwealth*, 222 Va. 690 (1981). According to *Davis*, with the possible exception of the last clause of § 46.1-387.3, by that section the burden of proof is upon the Commonwealth, which burden is not shifted by

reason of the show cause order. In that case, there were transcripts or abstracts of two convictions of the defendant from courts in North Carolina for driving while intoxicated and one of a certain date from the State of South Carolina, "Driving Under the Inf. of Intoxicants" with a date but without, as in the case at bar, specification of a court. There the defendant did not deny the validity of his convictions in the other states. His theory was that the burden was on the Commonwealth to prove the substantial conformity of the laws of those two states with the laws of Virginia.

While declining to express an opinion concerning the last clause of § 46.1-387.3 which places the burden on a defendant to prove that matters stated in the transcript or abstract are untrue, *Davis*, as well as *Shope*, does note that under that Section, the transcript or abstract is prima facie evidence of the convictions of the person named therein, and that the burden of going forward with the evidence is shifted to the defendant to rebut that statutory presumption.

At pages 812 and 813 *Davis* says:

> We believe it is reasonable to presume that under the statutory scheme of the Habitual Offender Act, the Commissioner not only kept accurate records of Davis's convictions but that he also made a tentative determination of similarity between the Virginia Statute and the laws of the other two states. We conclude . . . that the convictions obtained in other states as shown on the certified transcripts or abstracts were not only valid but were obtained under laws substantially conforming to our own. The show cause order did not shift the burden of proof to Davis but it did shift to him the burden of going forward with the evidence to rebut the presumption that the Act applied to his out-of-state convictions which were listed on the certified transcripts or abstracts.

In *Shope* the identity of the person named in the transcripts or abstracts with the defendant was at issue. Again it was held that the defendant failed to go forward with

the evidence to the extent of rebutting the statutory prima facie presumption of the accuracy of those records required to be kept by the Commissioner.

As in *Davis* it is not necessary here to express an opinion as to the validity of the final clause of Section 46.1-387.3 placing on the defendant the burden of disproving facts stated in a transcript or abstract. As in *Davis* and *Shope*, it is sufficient to say that the defendant here has not gone forward with the evidence to overcome the presumption both as to the accuracy of the convictions shown in the Commissioner's records and also as to the "substantially conforming" nature of the West Virginia Statute under § 46.1-387.2(c). On the conformity of statutes, as noted above, the habitual offender proceedings are civil in nature. Consequently, there is not the same burden upon the Commonwealth to prove conformity between Virginia and foreign statutes as there was in *Rufty v. Commonwealth*, 221 Va. 836 (1981), and *Shinault v. Commonwealth*, 228 Va. 269 (1984), involving enhanced punishment for subsequent convictions of driving while intoxicated.