300

## CIRCUIT COURT OF FAIRFAX COUNTY

In re Kim Palmer McCurdy

November 30, 1989

Case No. (Law) 92675

By JUDGE JOHANNA L. FITZPATRICK

Mr. McCurdy is challenging his determination as an habitual offender. Oral argument was heard on October 12, 1989, with a supplemental brief filed on November 6, 1989. For the reasons stated below, the Court holds that Mr. McCurdy is properly adjudicated an habitual offender pursuant to § 46.2-351.

Mr. McCurdy's driving record reveals three convictions. On October 9, 1985, he was convicted in the General District Court of Arlington for Driving While Intoxicated ("DWI") in violation of Arlington County Code § 14-40. On November 15, 1985, he was convicted in the General District Court of Fairfax for DWI in violation of Va. Code § 18.2-266. Then, on May 16, 1988, he was convicted in the General District Court of Fairfax for DWI Second or Subsequent Offense, in violation of Fairfax County Code § 82-4-17. Lastly, Mr. McCurdy has not shown that any of these convictions were overturned on appeal.

This third conviction brought Mr. McCurdy's total to three or more within the last ten years and triggered the instant habitual offender adjudication. An abstract of Mr. McCurdy's driving record was forwarded to the Commonwealth's Attorney on June 15, 1989. An information was then filed on August 10. A Rule to Show Cause issued

from the Fairfax Circuit Court on August 29 with an original return date of October 19, 1989.

Mr. McCurdy raises three arguments in this proceeding, the first arising from the recent recodification of Title 46.1 of the Virginia Code, the other two challenging the validity of the Arlington and Fairfax County provisions underlying two of his convictions. Turning first to the recodification issue, Mr. McCurdy complains that the Commonwealth is seeking to proceed under provisions of the now-repealed Title 46.1 of the Virginia Code. He correctly observes that Title 46.1 was repealed and immediately re-enacted effective October 1, 1989, as recodified Title 46.2 (Acts 1989, c. 727, cl. 7). He then contends that he may not be convicted under a repealed law. For the reasons stated in *In re Michael Gilbert*, At Law No. 91992, handed down by this Court on November 17, 1989 (a copy of which is attached hereto),the Court holds that the recodification of Title 46.1 did not interrupt the continuing substantive validity of the re-enacted provisions: this habitual offender adjudication was properly commenced and is now ripe for disposition under Title 46.2.

Mr. McCurdy then argues that the Arlington and Fairfax County ordinances underlying his October 9, 1985, and May 16, 1988, convictions are invalid, so those convictions are not to be considered in the instant proceeding. The deficiencies in the County provisions are alleged to flow from §§ 15.1-132 and 15.1-522, two state laws addressing the degree of similarity required between state and county motor vehicle laws. An analogous argument was rejected quite recently by the Court of Appeals.

In *Walters v. Commonwealth*, 8 Va. App. 262 (1989), Mr. Walters argued that two of the three DWI convictions relied on in his habitual offender adjudication were void because they were based on then-invalid Hanover County Code § 15-2. The Court refused to hear this collateral attack and affirmed Walter's determination, explaining that: "[b]ecause the [General District] courts had jurisdiction over the actions and the parties, and the proceedings were regular, their judgments are not subject to collateral attack." *Walters*, 8 Va. App. at 266. *See also, McClure*

*v. Commonwealth,* 222 Va. 690 (1981) (refusing to hear argument that predicate convictions were void for lack of representation); *Litton v. Williams,* 548 F. Supp. 265 (W.D. Va. 1982) (refusing to hear argument that predicate convictions violated civil rights under 42 U.S.C. § 1983); *and Bouldin v. Commonwealth,* 4 Va. App. 166, 169 (1987) (holding that defendant in habitual offender adjudication may not attack evidentiary sufficiency of predicate conviction).

Direct challenges to the validity of the respective county ordinances could and should have been raised as appeals from the underlying convictions: the time for raising these direct attacks has passed. Instead, the only questions which are properly heard in this adjudication are:

(1) Did the General District Courts lack jurisdiction?

(2) Is the Defendant the same person named in the DMV abstracts?

(3) Are those his convictions? and

(4) If any of the predicate convictions rest on non-state laws, do those laws substantially conform to the corresponding state law.

Convictions handed down by a court lacking jurisdiction are void. 11A M.J. *Judgments and Decrees* § 141 nn. 15 and 16, and 11B M.J. *Jurisdiction* §§ 8 to 11. Such convictions may not be counted as predicate offenses in an habitual offender adjudication. *Slaughter v. Commonwealth,* 222 Va. 787 (1981); *Morse v. Commonwealth,* 6 Va. App. 466 (1988). The threshold inquiry is whether the alleged invalidity of the Arlington or Fairfax ordinances would constitute a defect in the jurisdictions of the respective General District Courts in which Mr. McCurdy was originally convicted.

The starting point for this inquiry must be Va. Code Section 16.1-123.1(b), which confers on each general district court exclusive original jurisdiction for the trial of all misdemeanors and traffic infractions arising in its respective county. Section 16.1-132 then grants any person convicted of a misdemeanor in a district court the right to appeal their conviction to the circuit court "at any time within ten days from such conviction."

Mr. McCurdy does not content that the Arlington and Fairfax General District Courts which convicted him

heard misdemeanors which arose outside their respective counties. Rather, he must attempt to revisit those convictions on the theory that the alleged invalidity of the underlying county ordinances somehow robbed the general district courts of their jurisdiction. An analogous argument was raised in *Local 333B, etc. v. Commonwealth*, 193 Va. 773 (1952). There the appellants contended that the Virginia Public Utilities Labor Act was unconstitutional and that the injunction order based thereon was therefore void.

The trial court had refused to hear the constitutional challenge because it was collaterally raised for the first time in the contempt proceedings. On appeal the Court affirmed, noting that an order issued by a court with jurisdiction over the subject matter and parties must be obeyed without regard even for the constitutionality of the act under which the order is issued.[2] The validity of an act is thus seen as distinct from the extent of a court's jurisdiction.

Having failed to show that the County convictions are void for want of jurisdiction, the only remaining alternative is to claim that the County provisions did not substantially conform to the corresponding state laws. This argument rests on the language in subsection (3) of § 46.2-351 (formerly § 46.1-387.2), whereby convictions under county ordinances "paralleling and substantially conforming to" the state statutory provisions in subsections (1) and (2) shall be counted.[3]

---

[2] The Court notes that collateral attacks raised in contempt proceedings implicate unique concerns which are not present in the typical appellate review. See, Labunski, "The 'Collateral Bar' Rule and the First Amendment: The Constitutionality of Enforcing Unconstitutional Orders," 37 Am. U. L. Rev. 323 (1988) (exploring federal and state treatment of attempted constitutional attacks on underlying statutes raised collaterally in contempt proceedings). The Court takes strong guidance from the Local 333B decision, though: if a collateral attack is prohibited where a statute is actually unconstitutional, then it is certainly barred where, as here, the underlying statute is alledged to be merely violative of a state statue requiring "uniformity" (i.e. Section 15.1-522).

[3] Note that this argument is distinct from the direct challenge previously rejected. Here, Mr. McCurdy would be claiming "Regardless of whether the County ordinances are valid, the convictions thereunder should not be counted in my

When convictions resting on non-state provisions are counted in an habitual offender determination, the Commonwealth bears the burden of proving that the non-state provisions do conform. In this context, § 46.2-352 (previously § 46.1-387.3) provides that the abstract of convictions forwarded by the Commissioner of the Division of Motor Vehicles:

> shall be prima facie evidence that the person named therein was duly convicted . . . of each offense shown by the . . . abstract.

In *Davis v. Commonwealth*, 219 Va. 808, 812-13 (1979), the Supreme Court of Virginia explained that this provision gives rise to a statutory presumption of substantial conformity. Thus, while the Commonwealth still bears the burden of proving substantial conformity, this provisions shifts to the defendant the burden of going forward with the evidence on conformity.[4] The Court then affirmed Davis's habitual offender determination, since he had not put on any evidence to rebut this presumption. *Davis*, 219 Va. at 813. A similar result was reached in *Commonwealth v. Clark*, 12 Va. Cir. 227 (1988).

Viewing Mr. McCurdy's county convictions through this lens, his argument is taken as an attempt to rebut the presumption that the County Ordinances substantially conformed with the state DWI laws. Turning first to the Arlington conviction, Mr. McCurdy argues that Arlington County Code § 14-40 differed from Va. Code § 18.2-267 in that the Arlington provision *required* the suspect to submit to a blood or breath test *at the discretion of the officer*. A closer reading reveals that the County provision tracked the State law completely: under both,

---

habitual offender adjudcation because the ordinances did not substantially conform with the corresponding state DWI Laws."

[4] In Shinault v. Commonwealth, 228 Va. 269 (1984), the Court observed that the habitual offender adjudication is a civil proceeding: no comparable presumption of conformity would be justified in a criminal context, such as when the Commonwealth seeks enhanced sentences under Section 18.2-270 for second or subsequent offenses.

a person *suspected* of driving while intoxicated had the right to refuse a breath test (*compare* Arlington Code Section 14-40.1(c) *with* Va. Code § 18.2-267(c)), but once a person was *arrested* for DWI he had to submit to either a blood or a breath test (*compare* Arlington Code Section 14-41(b) *with* Va. Code § 18.2-268(C)). The Court therefore holds that the then-applicable version of the Arlington Code substantially conformed with state law. Mr. McCurdy's October 9, 1985, conviction is properly counted under Section 46.2-351(3).

Turning next to the Fairfax conviction, Mr. McCurdy contends that Fairfax Code § 82-4-21 differed from Va. Code Section 18.2-270 in that prior Virginia convictions were expressly includable under § 18.2-270 whereas § 82-4-21 was silent as to the use of prior Virginia convictions.[5] The problem with this attack is that it focuses not on the respective procedures for determining guilt or innocence but only on the penalty provisions. This is beyond the scope of the inquiry into substantial conformity required by *Davis*. Recall that Mr. McCurdy was convicted for violating Fairfax Code § 82-4-17, while his penalty was determined under § 82-4-21. The Court's task here is only to decide whether the previous *conviction* may be counted. The validity of a County punishment provision is no more relevant here than is the actual punishment meted out for a predicate offense. Rather, the only conformity challenge properly raised here must address differences between §§ 18.2-266 to 18.2-268 and the corresponding Fairfax provisions (Code Sections 82-4-17, 82-4-19 and 82-4-20). Having heard no challenges to the conformity of any of these provisions, the Court holds that Mr. McCurdy has failed to rebut the presumption that § 82-4-17 substantially conform with Va. Code Section 18.2-266. *Davis*, 219 Va. at 813; *Clark*, 12 Va. Cir. at 230. Mr. McCurdy's May 16, 1988, conviction is therefore properly counted under § 46.2-351(3).

In sum, the Court holds that (1) this habitual offender adjudication is ripe for disposition; (2) Mr. McCurdy's pre-October 1, 1989, convictions are all properly counted

---

[5] Section 82-4-21 was subsequently amended on an emergency basis to expressly include prior state convictions. Fairfax County Act 46-88-82, effective October 17, 1988.

306

under § 46.2-351; (3) Mr. McCurdy may not collaterally attack his traffic convictions in this proceeding; and (4) the County convictions are properly counted. Mr. McCurdy's determination as an habitual offender is accordingly affirmed.