## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Richard J. Moore

March 5, 1990

Case No. (Law) 93339

By JUDGE ROSEMARIE ANNUNZIATA

In the matter before the Court, defendant Richard J. Moore, challenges his certification as an habitual offender. Defendant Moore was convicted of driving while intoxicated on October 28, 1985, under § 18.2-266 of the Virginia Code. On January 21, 1987, he pleaded guilty to driving on a suspended license under § 13-1 of the Fairfax City Code. Then on June 7, 1988, he was convicted of driving while intoxicated under § 82-4-17 of the Fairfax County Code.

On the 29th of August, 1989, the Department of Motor Vehicles provided an abstract of the three convictions pursuant to § 46.1-34.1 of the Virginia Code. A Rule to Show Cause was entered on November 29, 1989, for the defendant to show why he should not be adjudged an habitual offender under § 46.1-387.5. Title 46.1 was recodified and re-enacted as Title 46.2, effective October 1, 1989. (Acts 1989, Ch. 727, cl. 7). Moore seeks to have the Rule dismissed on the following grounds:

1. The legislature's failure to properly preserve the provisions of Title 46.1 of the Virginia Code after its recodification as Title 46.2 terminated the Commonwealth's right to proceed with the adjudication of its

claims against defendant Moore which arose under Title 46.1.

2. As a result of the recodification, the abstract certified by the Commissioner of Motor Vehicles pursuant to Title 46.1 is inadmissible in a proceeding under Title 46.2, as presumptive proof of defendant's convictions.

3. Defendant's conviction for driving on a suspended license based on Fairfax City Code § 13-1 may not be included as a predicate offense in the adjudication of Moore as an habitual offender on the ground that § 13-1 does not substantially conform to state law, since it incorporates by reference the provision of Title 46.1, not Title 46.2.

4. Defendant's conviction under § 82-4-17 of the Fairfax County Code may not be included among the convictions to be established as predicates for the habitual offender adjudication on the ground the ordinance is invalid.

The first issue to be addressed is what effect the recodification of Title 46.1 has on existing claims. It is well-established under Virginia law that legislation will not generally be given retroactive application. *Merchants Bank of Danville v. Ballou*, 98 Va. 112, 32 S.E. 481 (1899). Rather, legislation is presumed to operate prospectively, particularly when the statute effects change in substantive rights. *Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937); *Link v. Receivers of Seaboard Air Line Railway Co.*, 73 F.2d 149 (4th Cir. 1934).

More importantly, in circumstances where a statute is simultaneously repealed and substantially re-enacted, the operation of the earlier statute is not interrupted. Rather, the earlier statute is regarded as continuing in force from the date the earlier statute was originally enacted. 77 A.L.R.2d 336, 341, § 3. Thus, all liabilities, rights, and interests as well as all claims arising under the previous statute are preserved. *Moore v. Commonwealth*, 155 Va. 1, 155 S.E. 635 (1930); *Shilling v. Commonwealth*, 4 Va. App. 500, 507 (1987), citing 17 Michie's Jurisprudence, *Statutes*, § 73 (1979). *See also State v. Mason*, 89 S.E.2d 425 (W. Va. 1955). (Defendant challenged prosecution under enhanced punishment statute for second offense of driving while intoxicated on ground first conviction was based on a repealed statute. Court held the simultaneous

repeal and re-enactment of the statute did not affect the continuous operation of the first statute.)

This long-standing common-law principle is reflected in Virginia Code § 1-16, which states that:

> No new law shall be construed to . . . in any way whatever affect any offense or act . . . or any right accrued, or claim arising before the new law takes effect . . . .

Based on this reasoning, it is my opinion that all claims against defendant Moore arising under former Title 46.1 remain viable and subject to prosecution under the provisions of Title 46.2.

The defendant further argues that the recodification of Title 46.1 nullifies the earlier statutory basis for admitting into evidence the Commissioner's certificate, and, therefore, that certification pursuant to Title 46.1 precludes the certificate's admission into evidence in a proceeding under Title 46.2. Defendant argues there is no vested right to a procedural rule of evidence and that the saving provision of Virginia Code § 1-16 is inapplicable to statutory changes affecting rules of evidence. *Virginia & West Virginia Coal Co. v. Charles*, 254 F. 379, 383 (4th Cir. 1918). Virginia Code § 1-16 provides that:

> [T]he proceedings [after the enactment of a new law] shall conform, so far as practicable, to the laws in force at the time of such proceedings . . . .

In my opinion, admissibility of the certificate in question is, indeed, governed not by Title 46.1 but by the statutory provision governing the admissibility of evidence under Title 46.2. Both Titles set forth substantially the same certification procedures, however. *See* Sections 46.2-382, 46.2-215, 46.1-384.3, 46.1-34.1. Furthermore, where the legislature repeals and re-enacts a statute with amendments, those provisions of the original statute not amended which are included in the new one have continuous operation from their original enactment. *Burns v. Hays*, 30 S.E. 101 (W. Va. 1898). Thus, certification pursuant to the earlier statute can be deemed to meet the require-

ments of the provisions of Title 46.2. To deny the admissibility of the documents in question simply because the Commonwealth prepared its certification pursuant to Section 46.1-34.1 ignores the fact that the current statutory requirements have been effectively met and that a proper statutory foundation for the admissibility of the transcript or abstract has been laid.

In summary, the Commonwealth may prosecute its claim that defendant Moore is an habitual offender, notwithstanding the fact the prosecution is premised on convictions arising under Title 46.1. It may further introduce and have admitted into evidence in the proceeding the transcript or abstract of Moore's record of convictions as certified.

Defendant Moore also contends that since Fairfax County Ordinance § 82-4-17 and its penalty section, Section 82.4-21, were invalid at the time of his conviction, the conviction must be excluded. Defendant's contention that this conviction may not be counted as a predicate offense is well-taken. The resolution of this issue is determinative of the matter before the Court and obviates the need not to reach to defendant's remaining contentions. Validity is determined on the basis of the statutory provisions in existence at the time of the accused's arrest. *See Mitchell v. County of Hanover*, 1 Va. App. 486 (1986); *Walters v. Commonwealth*, 8 Va. App. 262 (1989). As noted earlier, Virginia Code § 15.1-132, which empowers local governing bodies to enact local ordinances prohibiting the operation of a motor vehicle under the influence of alcohol or other intoxicants, requires that the local ordinances enacted provide the same penalties as those prescribed by general law. Substantial conformity is not enough to meet the dictates of § 15.1-132. Since § 82-4-21 failed to provide the same penalties as state law, having omitted incorporating prior convictions under state law as predicates for enhanced punishment, the ordinance was not validly enacted. Virginia Code § 15.1-132.

The Commonwealth contends, however, that defendant cannot collaterally challenge the underlying convictions in question, except for jurisdictional defects which do not exist. It is important to note that a collateral challenge to the validity of the underlying *convictions* is not at issue here. The question required to be addressed by the habitual offender statute is not whether a non-state

law conviction should be vacated but rather whether the conviction can be properly included in the determination of an accused's habitual offender status, that is whether *the law* underlying conviction is valid and substantially conforming, as is required by § 46.2-351. *See Davis v. Commonwealth*, 219 Va. 808, 252 S.E.2d 299 (1979); *Commonwealth v. Clark*, 12 Va. Cir. 227 (1988). Where the underlying law is found to be invalid and/or not substantially conforming, the underlying conviction is simply not counted, since the Commonwealth has failed to prove one of the elements required by the statute. *Cf. Rufty v. Commonwealth*, 221 Va. 836, 275 S.E.2d 584 (1981) (driving while intoxicated conviction based on non-conforming non-state law cannot constitute predicate for enhanced punishment). Thus, since County Ordinance § 8.2-4-21 was invalid at the time of the defendant's conviction, his conviction based on violation of the County Ordinance cannot be included for the purposes of proceeding under the Virginia habitual offender statute.

In summary, since only two of the three required convictions can be established, the claim that defendant Moore is an habitual offender must fail.