## Salem

## MILLARD M. WRIGHT, SR.

v.

## COMMONWEALTH OF VIRGINIA

No. 0765-89-3

Decided December 26, 1990

COUNSEL

James V. Doss, for appellant.

M. Katherine Spong, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—■ Alleging that the Circuit Court of Highland County lacked jurisdiction to declare him an habitual offender, Millard M. Wright, Sr., seeks reversal of the adjudication. We affirm because appellant did not comply with the provisions of Code § 8.01-264, which states:

> [i]n actions where venue is subject to objection, the action may nevertheless be tried where it is commenced, and the venue irregularity shall be deemed to have been waived unless the defendant objects to venue by motion filed, as to actions in circuit courts, within twenty-one days after service of process commencing the action, or within the period of any extension of time for filing responsive pleadings fixed by order of the court.

Three convictions formed the basis for this habitual offender proceeding. The first conviction order, for violation of Code § 46.1-351 dated March 13, 1981, discloses that the appellant's address was Fairfield, Virginia. The other two conviction orders are for driving with a "revoked or suspended" license. Both conviction orders are dated January 27, 1988, and both list the appellant's address as Bluegrass, Virginia, which is located in Highland County. Code § 46.1-387.3 (repealed 1989), requires the commissioner of the Division of Motor Vehicles to certify the transcripts or abstracts of these convictions "to the attorney for the Commonwealth of the political subdivision in which such person *resides* according to the records of the Department." (emphasis added). The record upon which the commission relied was the appellant's most recent conviction order which listed his address as Bluegrass, Virginia.

Pursuant to Code § 46.1-387.4 (repealed 1989) the Commonwealth attorney for Highland County filed an information in the

Highland County Circuit Court on December 28, 1988. On January 4, 1989, the Highland Circuit Court issued an order for the appellant to show cause why he should not be adjudicated an habitual offender. On the second attempt, service of process was made on the appellant by the Augusta County sheriff's department at Route 1, Box 105, Craigsville, Augusta County, on January 13, 1989.

After a continuance, the hearing was held on April 27, 1989, at which the appellant appeared and was represented by counsel. The appellant objected to the venue of the Highland County Circuit Court, alleging that he was a resident of Augusta County and that pursuant to Code § 46.1-387.4 (repealed 1989) Augusta County was the proper venue. He maintained that the Bluegrass address in Highland County was merely a mailing address, not his place of residence. In support of his motion to dismiss, appellant testified that he resided in Augusta County, that his Virginia driver's license issued a year prior to the hearing listed Augusta County as his address as did a transcript of his Virginia driving record. The Highland Circuit Court overruled the appellant's motion and entered judgment adjudicating the appellant an habitual offender.

■ Code § 8.01-264 applies only to civil proceedings. The appellant contends that an habitual offender adjudication is more akin to a criminal proceeding than a civil proceeding and thus Code § 8.01-264 is inapplicable. Following the appellant's logic a criminal charge must be dismissed "unless the evidence furnishes the foundation for a 'strong presumption' that the offense was committed within the jurisdiction of the court." *Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808, 809-10 (1985). We disagree with the appellant's contention. An habitual offender adjudication proceeding is a civil proceeding. *Davis v. Commonwealth*, 219 Va. 808, 812, 252 S.E.2d 299, 301 (1979); *see Bouldin v. Commonwealth*, 4 Va. App. 166, 355 S.E.2d 352 (1987). Therefore, Code § 8.01-264 is applicable. Since appellant did not comply with its provisions, he waived his objection to venue.

*Affirmed.*

Coleman, J., and Willis, J., concurred.