# CIRCUIT COURT OF ESSEX COUNTY

Commonwealth of Virginia

v.

James Edward McLaughlin

December 16, 1998

BY JUDGE JOSEPH E. SPRUILL, JR.

Mr. McLaughlin was before the Court on December 9, 1998, charged with reckless driving in violation of an ordinance of the Town of Tappahannock. The charge was set forth on a Virginia Uniform Traffic Summons. Mr. McLaughlin pleaded not guilty and, at the conclusion of the Commonwealth's evidence and at the conclusion of all the evidence, moved to strike because the Commonwealth did not notice or offer proof of the ordinance under which Mr. McLaughlin was prosecuted. This motion was taken under advisement.

The question is whether the Court can take judicial notice of the town ordinance without any mention of the ordinance being made by the Commonwealth and without the Court's being asked to take such notice.

Virginia Code § 19.2-265.2 requires the Court to take judicial notice of the Tappahannock town ordinances. In taking such notice, the statute requires the Court to consult or consider the publication purporting to contain the ordinance it is noticing. In this case, the Court was not requested to take notice of the Town ordinance. The Court was given nothing to notice. No notice, in fact, was taken.

In *Rufty v. Commonwealth*, 221 Va. 836 (1981), a footnote suggests that even if notice were assumed, the provisions of the law which were noticed must be entered of record. (See footnote 2 at p. 838.)

The standard procedure for obtaining judicial notice is for counsel to make a formal request that notice be taken. See Friend, *The Law of Evidence in Virginia* (4th ed. 1993), § 19-27. Judicial notice must be express. I suppose the Court could, on its own motion, take judicial notice of a matter, but the

Court should announce such notice and make it a part of the record in the case. Otherwise, counsel will not know that notice of a particular matter has been taken.

In summary, there should be some mention in the record where judicial notice of a matter is taken. There is no such mention in this record.

Therefore, the charge against Mr. McLaughlin is dismissed.