COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


JOHN TYSON

MEMORANDUM OPINION[*] BY
v.          Record No. 2965-98-3        JUDGE MARVIN F. COLE
                                         MARCH 28, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge

William E. Bobbitt, Jr., Public Defender, for
appellant.

Michael T. Judge, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


John Tyson (appellant) appeals from his conviction in the
Circuit Court of Rockbridge County for driving after having been
adjudicated an habitual offender.  Appellant contends his
conviction must be reversed because the court that adjudicated him
an habitual offender lacked jurisdiction and its order was
therefore void.  For the reasons that follow, we affirm the
judgment of the trial court.

In convicting appellant, the trial court relied on a January
20, 1976 order from the Alexandria Circuit Court that declared
appellant to be an habitual offender.  The 1976 order reflected

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that appellant had been served on December 5, 1975, with a December 4, 1975 show cause order. The show cause order listed appellant's address as 2400 Terret Avenue, Alexandria, Virginia. Appellant did not appear for the adjudication hearing.

On August 25, 1992, appellant pleaded guilty in Fairfax County Circuit Court to driving after being adjudicated an habitual offender.[1] The conviction order reflected that appellant's address was 2400 Terret Avenue, Alexandria, Virginia.

At his trial in the present case, appellant testified that he was a resident of Washington, D.C., on January 20, 1976, and the eighteen months preceding. He denied receiving notice of the show cause or the adjudication order. Appellant testified that he moved back to the Terret Avenue address sometime around 1980. Appellant presented no evidence to corroborate his testimony.

After finding appellant guilty, the trial court indicated that it would consider at the sentencing hearing any additional evidence tending to prove that appellant was residing in Washington, D.C., at the time he was adjudicated an habitual offender. At that hearing, however, appellant stated he had no additional evidence to present on this issue.

In his brief, appellant refers both to the fact that the Alexandria court did not have jurisdiction "over him" and that,

---

[1] Although the Fairfax order did not refer to the 1976 Alexandria order, there is nothing in the record indicating that appellant had been declared an habitual offender by any other Virginia court.

because he was a non-resident, the Circuit Court for the City of Richmond had jurisdiction over the adjudication proceeding pursuant to Code § 46.1-387.4 (repealed 1989). Thus, whether intentionally or not, appellant raises issues of personal jurisdiction and subject matter jurisdiction.

### Personal Jurisdiction

"A court acquires no jurisdiction over the person of a defendant until process is served in the manner provided by statute, and a judgment entered by a court which lacks [personal] jurisdiction over a defendant is void as against that defendant." Slaughter v. Commonwealth, 222 Va. 787, 791, 284 S.E.2d 824, 826 (1981) (citations omitted).

The Alexandria Circuit Court adjudicated appellant as a resident habitual offender. At the time of that proceeding, former Code § 46.1-387.3 required the Commissioner of the Division of Motor Vehicles (DMV) to certify transcripts or abstracts of the defendant's conviction record "to the attorney for the Commonwealth of the political subdivision in which such person resides according to the records of the Division." The defendant had to be personally served with a copy of the show cause order. See Code § 46.1-387.5 (repealed 1989); Code § 8.01-296(1).

We have previously held that "[i]n the absence of clear evidence to the contrary, courts may presume that public officers have properly discharged their official duties." Robertson v. Commonwealth, 12 Va. App. 854, 856-57, 406 S.E.2d 417, 418 (1991)

- 3 -

(holding that there was a presumption that postal clerks had not mishandled evidence transported through the mail). And once this presumption attaches, it is up to the defendant to rebut it. See Harris v. Commonwealth, 26 Va. App. 794, 803-04, 497 S.E.2d 165, 170 (1998) (holding that once the presumption of regularity attaches to a criminal conviction, the defendant has the burden of producing evidence to rebut that presumption).

The Alexandria show cause order would have been served by a public officer and, where the adjudication order reflects that appellant was served, we can presume that the officer personally served appellant in compliance with Code §§ 46.1-387.5 and 8.01-296(1). Cf. Slaughter, 222 Va. at 794, 284 S.E.2d at 828 (holding that the adjudicating court lacked personal jurisdiction where service was made on the Secretary of the Commonwealth as if the defendant was a non-resident, but the evidence proved that the defendant was a resident of the Commonwealth). Although appellant testified that he was not served, the trial court was not required to believe this testimony, and could conclude that appellant was lying to avoid being convicted. See Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

The presumption that appellant was properly served is supported by the evidence tending to prove that appellant was living in Alexandria in 1975-76. The show cause order reflected that appellant had an Alexandria address, and the Commissioner of DMV was required by statute to certify the case to the

- 4 -

locality where DMV records reflected the defendant resided.  See Code § 46.1-387.3 (repealed 1989); see also Bouldin v. Commonwealth, 4 Va. App. 166, 169, 355 S.E.2d 352, 354 (1987) (there is a "presumption that the Commissioner of DMV has kept accurate records").  Appellant resided at this same Alexandria address when he pleaded guilty to driving as an habitual offender in 1992.  And appellant presented no evidence corroborating his testimony that he was living in Washington, D.C., in 1975-76.  Cf. Slaughter, 222 Va. at 794, 284 S.E.2d at 828 (finding uncontroverted evidence that the defendant was a Virginia resident where the defendant and his wife testified to this effect, and DMV records reflected that appellant's last known address was in Virginia).

Accordingly, the evidence sufficiently proved that the Alexandria Circuit Court obtained personal jurisdiction over appellant before adjudicating him an habitual offender.

### Subject Matter Jurisdiction

"Generally, the party asserting that a judgment is void for lack of subject matter jurisdiction has the burden of proving that fact."  Winston v. Commonwealth, 26 Va. App. 746, 752, 497 S.E.2d 141, 144-45 (1998).

Appellant contends that because he was a resident of Washington, D.C., in 1975-76, subject matter jurisdiction of the habitual offender proceeding lay solely in the Circuit Court for the City of Richmond.  We disagree.

In Wright v. Commonwealth, 11 Va. App. 527, 399 S.E.2d 449 (1990), we concluded that former Code § 46.1-387.4 was not a jurisdictional statute, but rather established venue for habitual offender proceedings.  See id. at 528-29, 399 S.E.2d at 449-50; Slaughter, 222 Va. at 791, 284 S.E.2d at 826 (referring to where an habitual offender case is brought as a question of venue); see also 1974-75 Va. Att'y Gen. Rep. 285, 74-75 Va. AG 285 (opining that Code § 17-123 controlled jurisdiction in habitual offender adjudications and that Code §§ 46.1-387.3 and 46.1-387.4 were venue statutes).  We further held that an habitual offender proceeding was a civil proceeding subject to Code § 8.01-264.  See Wright, 11 Va. App. at 529, 399 S.E.2d at 449-50.  Under Code § 8.01-264, an objection to venue is waived if not raised in a timely manner.  And "[n]o order, judgment, or decree shall be voidable, avoided, or subject to collateral attack solely on the ground that there was improper venue." Code § 8.01-258.

Even if we assume that appellant was a non-resident of Virginia at the time he was adjudicated an habitual offender, where the habitual offender proceeding was brought was a matter of venue, not jurisdiction.  The Alexandria Circuit Court had subject matter jurisdiction over the habitual offender proceeding pursuant to then Code § 17-123 (repealed 1998) (regarding circuit courts' general jurisdiction over civil cases

at law).  Accordingly, appellant could not collaterally attack the 1976 adjudication at his trial.

For the reasons stated above, the judgment of the trial court is affirmed.

<u>Affirmed.</u>