COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Clements
Argued at Richmond, Virginia


ANTON LAVELLE WEBB

                                    MEMORANDUM OPINION* BY
v.    Record No. 2749-01-2         JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 18, 2003
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
                  Robert G. O'Hara, Jr., Judge

          Andrew E. Weaver for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Jerry W. Kilgore, Attorney General,
          on brief), for appellee.


     Anton Lavelle Webb, appellant, was convicted of driving under

the influence ("DUI") in violation of Code § 18.2-266.  Webb's

conviction was elevated to a felony offense for sentencing

purposes, pursuant to Code § 18.2-270(E).  On appeal, Webb

contends the trial court erred in admitting evidence of a prior

DUI conviction, on the ground that the trial court improperly

based judicial notice of the ordinance under which he was

previously convicted on his arrest warrant.  He reasons that his

conviction should be reversed because the trial court therefore

could not establish the ordinance's substantial similarity to Code

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

§ 18.2-266.  For the reasons that follow, we affirm the decision
of the trial court.

Background

The material facts underlying this appeal are not in dispute.
Webb was indicted on June 5, 2001 for driving while under the
influence, in violation of Code § 18.2-266, and was convicted in a
bench trial on July 12, 2001.[1]  At trial, the Commonwealth sought
to establish that Webb had two prior convictions for DUI, in order
to elevate the offense to a felony pursuant to Code
§ 18.2-270(E).[2]  Only the admission of his conviction in 1992
under § 9-3 of a Southhampton County, Virginia ordinance is at
issue on appeal.

In order to elevate the conviction to a felony, the
Commonwealth was required to establish Webb's 1992 conviction and
to prove that § 9-3 of the Southhampton County ordinance and
Virginia Code § 18.2-266 were substantially similar.  The

---

[1] Code § 18.2-266 provides, in relevant part:  "It shall be
unlawful for any person to drive or operate any motor vehicle,
engine or train (i) while such person has a blood alcohol
concentration of 0.08 percent or more . . . ."

[2] Code § 18.2-270(E) states:

> For the purposes of this section, an adult
> conviction of any person . . . under the
> following shall be considered a prior
> conviction: . . . (ii) the provisions of
> §§ 18.2-51.4, 18.2-266 . . . the ordinance
> of any county, city or town in this
> Commonwealth . . . substantially similar to
> the provisions of . . . §§ 18.2-266 through
> 18.2-269 . . . .

Commonwealth sought to have Webb's arrest warrant admitted into evidence for that purpose. The arrest warrant read, in part:

> [T]he accused did unlawfully in violation of Section 9-3, Code or Ordinance of this city, county, or town operate a motor vehicle (engine or train) while such person had a blood alcohol concentration of 0.10% or more by weight by volume and/or while such person was under the influence of alcoholic beverages or other self-administered intoxicants or drugs of whatsoever nature . . . CLASS one MISDEMEANOR.

Webb objected to the arrest warrant's admission, on the ground that the Commonwealth was required to provide the trial court with the text of § 9-3 of the Southhampton County ordinance. He argued that the references in the warrant were not a proper substitute for the ordinance text and, therefore, the warrant did not provide a sufficient basis upon which to determine the ordinance's substantial similarity to Code § 18.2-266. The trial court disagreed and took judicial notice of the ordinance from the language that appeared on the warrant, stating it "could consider the charge as it appears on the face of the warrant." The court found that the Southhampton ordinance was substantially similar to the provisions of Code § 18.2-266.[3]

---

[3] The trial court rejected the Commonwealth's contention that that statute required proof of substantial similarity only for prior convictions in other states, and Webb has not appealed the trial court's conclusion. Thus, the issue is not before us on appeal.

Analysis

On appeal, Webb contends the trial court erred in admitting the arrest warrant from his 1992 conviction into evidence, on the ground that it does not constitute a reliable basis upon which to take judicial notice and to determine the ordinance's substantial similarity to Code § 18.2-266.  This contention is without merit.

"Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact." Scafetta v. Arlington County, 13 Va. App. 646, 648, 414 S.E.2d 438, 439, aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992). "A trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute."  Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (en banc) (quoting Ryan v. Commonwealth, 219 Va. 439, 445, 247 S.E.2d 698, 703 (1978)).

Code § 19.2-265.2 governs the taking of judicial notice in the context of statutes and ordinances.  It provides:

> A.  Whenever, in any criminal case, it
> becomes necessary to ascertain what the law,
> statutory or otherwise, of this
> Commonwealth, of another state of the United
> States, or another country, or of any
> political subdivision or agency of the same
> is, or was, at any time, the court shall
> take judicial notice thereof whether
> specially pleaded or not.

- 4 -

B.  The court, in taking such notice, shall consult any book, record, register, journal or other official document or publication purporting to contain, state, or explain such law, and may consider any evidence or other information or argument that is offered on the subject.

Under the plain language of paragraph B, the court is directed to consult any "official document or publication" "purporting to contain, state, or explain such law."  Applying the statute to the case at bar, we find the arrest warrant constitutes an "official document."  Furthermore, the warrant purports "to contain, state or explain" the relevant ordinance.[4]  The warrant directs the court to the provision of the ordinance at issue by stating the ordinance section number under which Webb was charged. The warrant further states the particular elements of the DUI offense and provides that the violation is a Class 1 misdemeanor. We find that the court properly admitted the warrant and consulted it as evidence of the ordinance at issue in taking judicial notice of its provisions.

Webb's related contention that the trial court improperly took judicial notice of the ordinance because the Commonwealth failed to provide the court with an authenticated copy of the ordinance, is without merit.  In Oulds v. Commonwealth, 260 Va.

_____

[4] "Purport" is defined as "to convey, imply or profess outwardly (as meaning, intention or true character); have the often specious appearance of being, intending, claimant (something implied or inferred); to have in mind."  Webster's Third New International Dictionary 1847 (1993).

210, 532 S.E.2d 22 (2001), the Virginia Supreme Court held that the Commonwealth is not required to introduce into evidence an authenticated copy of the city ordinance at issue; a reference to the ordinance provision by section number and by content is a sufficient predicate for the taking of judicial notice. Id. at 213, 532 S.E.2d at 35. In the case at bar, we find the trial court properly took judicial notice of the Southhampton County ordinance by reference to the arrest warrant it admitted.

Webb finally argues that the Commonwealth failed to prove that the Southhampton ordinance was substantially similar to Code § 18.2-266, as required by Code § 18.2-270(E), in order to elevate his conviction for DUI to a felony. His contention is without merit.

Code § 18.2-270(E) provides as follows:

> For the purposes of this section, an adult conviction of any person . . . under the following shall be considered a prior conviction:  . . . (ii) the provisions of §§ 18.2-51.4, 18.2-266 . . . the ordinance of any county, city or town in this Commonwealth . . . substantially similar to the provisions of . . . §§ 18.2-266 through 18.2-269 . . . .

Thus, the Commonwealth bears the burden of presenting a prima facie showing of substantial similarity between the ordinance at issue in the prior conviction and the Code. See Rufty v. Commonwealth, 221 Va. 836, 837-39, 275 S.E.2d 584, 585-86 (1981) (finding the Commonwealth bears the burden of establishing a prima facie showing of substantial similarity and, upon such showing,

- 6 -

the burden shifts to the defendant to move forward with evidence of dissimilarity).  "'Prima facie evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted.'"  Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)).

In determining whether an ordinance is substantially similar to the Code, courts must examine the provisions of both laws. Rufty, 221 Va. at 838-39, 275 S.E.2d at 589.  Based on the language on the face of the warrant reflecting the Southhampton County Code provision underlying the offense, we find the evidence sufficient to establish that the ordinance is substantially similar to Code § 18.2-266.  The plain language of both the arrest warrant referencing the ordinance and the statute makes manifest that they are substantially similar.  The language in the warrant charged that Webb,

> in violation of Section 9-3, Code or
> Ordinance of this city, county, or town
> operate[d] a motor vehicle (engine or train)
> while such person had a blood alcohol
> concentration of 0.10% or more by weight by
> volume and/or while such person was under
> the influence of alcoholic beverages or
> other self-administered intoxicants or drugs
> of whatsoever nature.

The language tracks that of Code § 18.2-266, which states, "It shall be unlawful for any person to drive or operate any motor

vehicle, engine or train (i) while such person has a blood alcohol concentration of 0.08 percent or more . . . ."

In addition to the plain language setting forth the elements of the offense under the County ordinance, the classification of the offense under the County ordinance as a Class 1 misdemeanor supports the trial judge's conclusion that a prima facie case of substantial similarity was made.  The trial court could properly conclude that the ordinance's sentencing provision was valid and in conformance with the law of the Commonwealth, thus carrying with it the same penalty for a Class 1 misdemeanor set forth in Code § 18.2-11, viz., "confinement in jail for not more than 12 months and a fine of not more than $2500, either or both."[5]  See Narrows v. Clear-View Cable TV, 227 Va. 272, 280, 315 S.E.2d 835, 840 (1984) ("Every intendment will be made in favor of lawfulness of the exercise of municipal power."); see also King v. County of Arlington, 195 Va. 1084, 1090, 81 S.E.2d 587, 591 (1954) ("It is . . . fundamental that local ordinances must conform to and not be in conflict with the public policy of the State as embodied in its statutes . . . .

---

[5] Indeed, the punishment imposed on Webb under the Southhampton County ordinance was consistent with the penalties provided under the state statutes.  For his 1992 conviction, Webb was sentenced to pay a $200 fine and his license was suspended for 6 months.  The fine and license revocation are within the permissible limits for a Class 1 misdemeanor.  See Code §§ 18.2-11, 18.2-270.

- 8 -

[T]hat principle is embodied in our statutes which require that local ordinances must 'not be inconsistent with' the state law." (quoting Code § 1-13.17))).[6]  The presumption that the Southhampton ordinance was valid and in conformance with Virginia law was not rebutted by Webb at trial.  The court thus could properly base its analysis of substantial similarity on the sentence provisions as well as on the elements of the offense, enunciated in the warrant's reference to the county ordinance.

In conclusion, in light of the plain language of the arrest warrant setting forth both the elements of the offense and the penalty that could be imposed under the Southhampton County ordinance, we find that an unrebutted prima facie showing was made that the ordinance and the statute were substantially similar.  We accordingly find that the trial court did not err in so concluding, and we affirm Webb's conviction.

Affirmed.

---

[6]  Code § 1-13.17 provides:  "When the council or authorities of any city of town . . . are authorized to make ordinances . . . it shall be understood that the same must not be inconsistent with the Constitution and law of the United States or of this Commonwealth."