COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Cole
Argued at Richmond, Virginia


DEAN DOBSON

                                         MEMORANDUM OPINION* BY
v.  Record No. 0733-96-2             JUDGE JAMES W. BENTON, JR.
                                           FEBRUARY 18, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                   Samuel Taylor Powell, III, Judge

            C. Thomas Turbeville (Dansby & Turbeville, on
            brief), for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Dean Dobson was convicted of assault and battery.  On

appeal, he contends that the record failed to prove that the

incident that led to his conviction occurred within the circuit

court's jurisdiction and that the evidence was insufficient to

uphold the jury's verdict.  Because the record failed to prove by

direct or circumstantial evidence that the incident occurred in

the Commonwealth, we reverse the conviction and remand the case.

     This case comes to this Court upon a written statement of

facts.  See Rule 5A:8(c).  In pertinent part, the statement

recites that at midnight on February 4, 1996, a deputy sheriff

went to an address in Charles City County and spoke to Bonita

Monroe outside Dobson's residence.  He observed that Monroe had

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

swelling about her cheeks and eyes and that she had bandages over cuts in her wrists.  Monroe said that she had cut her wrists.

The deputy sheriff went inside the residence and spoke with Dobson.  Dobson, who had been drinking and appeared angry, began to verbally abuse the deputy sheriff.  The deputy sheriff arrested Dobson.  The deputy sheriff testified that at the magistrate's office Dobson made statements, including "I should have killed her" and "Next time, I'll punch her in the eye again."

As a defense witness, Monroe testified that she had tried to cut her wrists and that she and Dobson had argued about her attempt to cut her wrists.  She testified that Dobson had not struck her, that she had no physical injuries other than her cut wrists, and that her eyes had swollen because she had been crying.  Monroe also denied telling the deputy sheriff that Dobson had hit her.  On rebuttal, the deputy sheriff testified that Monroe told him that Dobson had struck her several times.

On this evidence, a jury convicted Dobson of assault and battery.  In Owusu v. Commonwealth, 11 Va. App. 671, 673, 401 S.E.2d 431, 432 (1991), this Court reiterated the long standing principle "that subject matter jurisdiction 'must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance.'"  (Citation omitted).  We also recognized an equally well established

principle that a challenge to the circuit court's subject matter jurisdiction may be raised at any time.  See id. at 672, 401 S.E.2d at 431.

Neither the direct evidence nor the circumstantial evidence proved the place where the assault occurred.  No evidence proved that it occurred at or near Dobson's residence.  "No street address, town, or locality was mentioned with respect to the location of the offense[]."  Id.  Furthermore, no evidence tended to prove whether it occurred several hours or merely a few minutes before the deputy sheriff arrived at Dobson's residence. Moreover, we have recognized that "[t]he mere fact that police of a certain jurisdiction investigate a crime cannot support an inference that the crime occurred within their jurisdiction." Sutherland v. Commonwealth, 6 Va. App. 378, 382, 368 S.E.2d 295, 297 (1988).

We hold, therefore, that the evidence in this record failed to prove where the assault occurred -- whether in Charles City County, in an adjoining jurisdiction, or even within the Commonwealth of Virginia.[1]  Accordingly, we must reverse the conviction on that ground.  See Owusu, 11 Va. App. at 673-74, 401 S.E.2d at 432.  However, we do not reverse the conviction on Dobson's claim that the evidence was insufficient to support the

_____

[1]Our holding is not based solely on the failure of the Commonwealth to prove that the crime occurred in Charles City County.  That is a question of venue.  The issue raised by this appeal concerns jurisdiction.  The statement of facts does not show that the incident occurred in Virginia.

conviction.  Because the jury was required to make a credibility determination in resolving the disputed testimony of the deputy sheriff and Monroe concerning whether Dobson struck Monroe, we cannot say as a matter of law that the evidence was insufficient to support the conviction.  See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

The parties agree that the appropriate remedy is to remand this case for further proceedings.  See also Owusu, 11 Va. App. at 674, 401 S.E.2d at 432.

Reversed and remanded.