**Alexandria**

MICHAEL ALBERT OWUSU

v.

COMMONWEALTH OF VIRGINIA

No. 0886-89-4

Decided February 12, 1991

672

COUNSEL

William J. Baker (Leo J. Scolforo, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General; Birdie H. Jamison, Assistant Attorney General, on brief), for appellee.

OPINION

DUFF, J.—Michael Albert Owusu appeals his convictions of robbery and use of a firearm in the commission of robbery. He was sentenced to twenty-three years in the penitentiary for the robbery and two years in the penitentiary for the firearm conviction.

On September 21, 1986, the defendant pulled a gun on an attendant at the business known as the Horner Road Exxon and took seventy-five dollars, along with a full tank of gas. The criminal complaints and the indictments alleged that the offenses occurred in Prince William County. However, no evidence was introduced to that effect. Likewise, no evidence was introduced by either the Commonwealth or the defendant with respect to the location of the Horner Road Exxon, and the trial court did not purport to take judicial notice of its location.

■ The Commonwealth claims that pursuant to Code § 19.2-244 the defendant waived his right to object to the lack of venue because he failed to raise this objection at trial. However, defendant does not challenge venue on appeal. Instead, defendant challenges the trial court's subject matter jurisdiction. This challenge is proper, as objections to subject-matter jurisdiction may be raised at any time and are not waivable. *See Commonwealth v. Smith*, 230 Va. 354, 361, 337 S.E.2d 278, 281-82 (1985).

■ The subject matter jurisdiction of all circuit courts in the Commonwealth is specified in Code §§ 19.2-239 and 17-123. Code § 19.2-239 grants the circuit courts jurisdiction in criminal cases

for "all presentments, indictments and informations for offenses committed within their respective circuits." Code § 17-123 provides the circuit courts with jurisdiction over all felonies committed in the Commonwealth. *See Garza v. Commonwealth*, 228 Va. 559, 565-66, 323 S.E.2d 127, 130-31 (1984).[1]

The sole issue before this Court is whether the record contains sufficient evidence to support a finding by the trial judge that the court had subject matter jurisdiction of the offenses.

■ The Virginia Supreme Court has held that subject matter jurisdiction "must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance." *Shelton v. Sydnor*, 126 Va. 625, 630, 102 S.E. 83, 85 (1920). After a careful review of the record, we find no direct or circumstantial evidence tending to prove that the offenses occurred within the Commonwealth of Virginia. No street address, town, or locality was mentioned with respect to the location of the offenses.

In addition, we find the circumstantial evidence of subject matter jurisdiction was insufficient. The Commonwealth presented evidence that Corporal Zinn of the Prince William County, Virginia Police Department had been assigned to investigate the robbery. However, the mere fact that a Prince William County officer investigated the robbery cannot support an inference that the crime occurred within his jurisdiction. *See Keesee v. Commonwealth*, 216 Va. 174, 175, 217 S.E.2d 808, 810 (1975); *Sutherland v. Commonwealth*, 6 Va. App. 378, 382, 368 S.E.2d 295, 297 (1988).

The jurisdictional issue is further confused by testimony of Detective Michael James Clinton of the Montgomery County, Maryland Police Department. Detective Clinton testified that the defendant had been arrested on Route 28, which is in the Rockville, Gaithersburg area of Montgomery County, Maryland.

Consequently, we find the Commonwealth did not meet its burden of proving subject matter jurisdiction and reverse the

---

[1] Since the record in this case contains no evidence establishing the location of the crime, we need not resolve the apparent conflict in these two Code sections regarding the jurisdiction of the circuit courts.

convictions.

■ The indictment need·not be dismissed, however, as proof of subject matter jurisdiction is not part of the crime, and therefore, does not go to the merits of the case. *See Sutherland*, 6. Va. App. at 383, 368 S.E.2d at 298. Therefore, the case will be remanded for further proceedings, if the Commonwealth be so advised.

Accordingly, the convictions appealed from are

*Reversed and remanded.*

Keenan, J., and Willis, J., concurred.