**Alexandria**
JOSEPH SCAFETTA, JR.

v.

ARLINGTON COUNTY
No. 1515-90-4
Decided February 18, 1992*

---

* Petition for rehearing granted March 20, 1992.

COUNSEL

John J. Grimaldi, II (Rosenthal, Rich, Grimaldi & Guggenheim, on brief), for appellant.

Sheila E. Norman, Assistant Commonwealth's Attorney, for appellee.

OPINION

**BARROW, J.**—This appeal is from a conviction of speeding. At trial the court refused to take judicial notice of a document issued by the Federal Communications Commission. We conclude that the trial court should have taken judicial notice of this document; however, because no showing was made of the relationship between this document and the issues raised at trial, we also conclude that the failure to take judicial notice of it was harmless error.

The appellant, Joseph Scafetta, Jr., was charged with driving forty-five miles per hour in a thirty miles per hour zone. Prior to

trial, Scafetta moved to suppress all evidence of his speed on the ground that the radar device used to measure it was not of a type accepted by the Federal Communications Commission (FCC). As support, Scafetta proffered a certified copy of a public notice issued by the FCC listing radar devices which have been granted "type acceptance" pursuant to federal regulations. The Commonwealth objected on the ground that the document proffered was inadmissible hearsay. Scafetta requested the court to take judicial notice of the document, but the court declined to do so. The case proceeded to trial and Scafetta was found guilty as charged.

■ Courts are required to take judicial notice of official publications of the United States and its agencies which are published "pursuant to the laws thereof." Code § 8.01-388. The FCC is required to publish periodically a list of certain electronic equipment which has been type accepted by the commission. 47 C.F.R. § 90.203. The document proffered by Scafetta is the published "list of speed-measuring devices . . . type accepted under Part 90 of the Rule." Therefore, the document proffered by Scafetta was an official publication of an agency of the United States which was published as required by the law of the United States and, therefore, should have been subject to judicial notice by the trial court.

■ The Commonwealth contends that this document was inadmissible hearsay. However, because we conclude that the trial court was required to take judicial notice of the contents of the document, it was not necessary for the document to be admitted into evidence. The Commonwealth is correct that copies of records of the United States and its agencies must be properly authenticated in order to be admissible. Code § 8.01-390; *Ingram v. Commonwealth*, 1 Va. App. 335, 340, 338 S.E.2d 657, 659 (1986). In this case, however, it is not the document which is being admitted into evidence; rather, it is the contents of the document which must be given judicial notice. Code § 8.01-388. Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact. C. Friend, *The Law of Evidence in Virginia* § 268, at 692 (3d ed. 1988). It was not, therefore, necessary that the document meet the requirements for admissibility into evidence.

■ The Division of Purchases and Supply is required to approve the equipment to be used in Virginia to measure the speed of motor vehicles. Code § 46.2-882. The Division of Purchases and

Supply has specified that radar units used in the Commonwealth must have type acceptance approval from the FCC. Scafetta argues that the notice published by the FCC demonstrates that the radar used to measure the speed of his automobile was not authorized for use.

However, the evidence in this record does not support Scafetta's contention that the radar used to measure the speed of his automobile was not one having type acceptance approval from the FCC. The radar which was used to measure the speed of Scafetta's automobile was a Kustom Electronics Model KR10-SP radar device. Included among the radars which were type accepted by the FCC is one described as a KR-10 by Kustom Electronics Corporation. Without more, the trial court could not have concluded that the radar used to measure the speed of Scafetta's automobile was not among those having type acceptance by the FCC.

Non-constitutional error is harmless if "it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678. "[A] fair trial on the merits and substantial justice" are not achieved if an error at trial has affected the verdict. *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc). "An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact-finding function, that, had the error not occurred, the verdict would have been the same." *Id.*

In this case, even if the trial court had taken judicial notice of the document issued by the FCC, the verdict would have been the same. Without testimony or other evidence establishing that the radar device used to measure the speed of Scafetta's automobile was not of the type of radar device having an almost identical name on the list published by the FCC, the trial court could not have concluded that the radar in question lacked type acceptance by the FCC. Although the accuracy of a radar reading may be challenged, the result of a radar device used to check the speed of a motor vehicle is prima facie evidence of the vehicle's speed. *Myatt v. Commonwealth*, 11 Va. App. 163, 166, 397 S.E.2d 275, 276-77 (1990). Thus, without a showing that the radar in question was not one accepted by the FCC, Scafetta failed to rebut the prima facie evidence of his speed. Consequently, we can conclude

that, had the error not occurred, the verdict would have been the same.

For these reasons, we conclude that although the trial court erred in failing to take judicial notice of an official document of a United States agency required by law to be published, the error was harmless. The judgment of the trial court is, therefore, affirmed.

*Affirmed.*

Coleman, J., and Duff, J., concurred.