# ORDER

**VIRGINIA:**

In the Court of Appeals of Virginia on Tuesday the 7th day of July, 1992.

Joseph Scafetta, Jr., Appellant

against

Arlington County, Appellee

Before Judges Barrow, Coleman and Duff

COUNSEL

John J. Grimaldi, II (Rosenthal, Rich, Grimaldi & Guggenheim, on brief), for appellant.

Sheila E. Norman, Assistant Commonwealth's Attorney, for appellee.

## UPON REHEARING

OPINION

A petition for rehearing was granted in this appeal because Scafetta asserted that evidence in the record supported his contention that the radar device used to measure the speed of his automobile was not one accepted for use by the Federal Communications Commission. In fact, Scafetta proffered the trial court "that the model KR-10SP is not the same as an earlier model manufactured by Kustom Electronics, the model KR-10."

This proffer tends to establish only that the radar device used to check the speed of Scafetta's automobile is not the model KR-10 included on the public notice from the Federal Communications Commission. It does not tend to prove that the radar device is not one of the other radar devices listed on the public notice. Without evidence showing that the radar device used had not been approved by the Federal Communications Commission, the public

notice was not relevant and material. A showing of relevance and materiality is required before a party entitled to have evidence introduced may establish on appeal that a trial court erred by excluding it. *Toro v. City of Norfolk*, 14 Va. App. 244, 416 S.E.2d 29 (1992).

The results of the use of a radar device to measure a motor vehicle's speed is prima facie evidence of the speed of the vehicle. Code § 46.2-882. While this prima facie evidence may be rebutted by showing that the radar device used is not approved by the Federal Communications Commission, it is not rebutted merely by showing that the devise used is not the same as one with a similar identification number which has been so approved. Therefore, the proffer in the record of this appeal is not sufficient to establish the materiality of the public notice.

Having found no error in the opinion of this Court, the stay of the mandate is ended, and the mandate entered on February 18, 1992 is reinstated.