COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Bumgardner
Argued at Richmond, Virginia


RALPH DERON JAMAL THOMAS
                                          OPINION BY
v.   Record No. 0872-00-2      JUDGE JERE M. H. WILLIS, JR.
                                          JULY 31, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                   John W. Scott, Jr., Judge

           Wendy B. Harris, Assistant Public Defender
           (James J. Ilijevich, Deputy Public Defender,
           on brief), for appellant.

           Marla Graff Decker, Assistant Attorney
           General (Mark L. Earley, Attorney General, on
           brief), for appellee.


     On appeal from his convictions of four counts of rape, in

violation of Code § 18.2-61, and one count of attempted sodomy,

in violation of § 18.2-67.1, Ralph Deron Jamal Thomas contends

that the trial court erred (1) in denying his motion to set

aside the verdict based on insufficient proof of jurisdiction

and (2) in denying his motion for a mistrial based on improper

argument by the Commonwealth's attorney.  For the following

reasons, we reverse and remand.

                      I.   BACKGROUND

     In April 1996, Thomas married the mother of the

eleven-year-old victim, W.B., and moved into her home.

The child testified that on or about April 6, 1998, when no one else was home, Thomas "had sex with" her at their home located at "807 Denton Circle" in "Bragg Hill." She testified that Thomas told her to take off her clothes and get on the bed. When she did so, Thomas "put his penis in [her] vagina."

The child testified that similar events occurred at the same house two days later. Again, Thomas told her to disrobe and stuck his penis into her vagina. She stated that, on this occasion, Thomas also "flipped [her] over on [her] stomach" and placed his penis into her "rectum."

The child further testified that on each of the following two days, Thomas inserted his penis into her vagina and that he did it twice on the last day. She explained that she did not tell anyone because Thomas threatened her that "something bad" would happen to her if she did. She stated that Thomas had beaten her in the past.

In September 1998, the child moved to a Spotsylvania County address to live with her father. In March 1999, the child told her father's girlfriend, Tanya Long, what Thomas had done.

Ms. Long testified that when the child told her what had happened, the child was "really upset. She was crying." Ms. Long testified that she contacted the Spotsylvania Sheriff's Department, and was told by an officer there that "since it happened in Fredericksburg," she should call the Fredericksburg Police Department.

-

Thomas denied that the incidents occurred.  He testified that the child had trouble in school while she lived with him. He presented several witnesses who testified that the child's reputation for truthfulness was not good.

Thomas was found guilty by the jury, and a sentencing hearing was scheduled.  At the sentencing hearing, the trial court instructed the jury on the unavailability of parole.  In argument, Thomas' counsel asked the jury to give Thomas "twenty-two years," stating that "he'll be forty-seven years old" in twenty-two years, and that he would "do the time" that the jury gave him.

In rebuttal argument, the Commonwealth's attorney stated, "The judge did tell you that [Thomas] is not eligible for parole.  That doesn't mean necessarily that if you give him twenty-two years, he will not get out until he's forty-seven. There are certain provisions in the Code of Virginia that would . . . ."  Thomas objected.  The trial court sustained the objection, admonishing the Commonwealth's attorney "not to instruct the jury on the law."  The Commonwealth's attorney pursued this argument no further.

During their deliberations, the jury sent a note to the court asking, "If the defendant is sentenced to the minimum sentence, is it possible (according to the law) that he be released before this?"  Thomas moved for a mistrial, arguing that the objectionable portion of the Commonwealth's argument

-

had caused the jury's question.  The trial court denied the motion.  The jury fixed Thomas' sentences at ten years on each charge, a total of fifty years, which the trial court imposed with twenty years suspended.

Post-trial, Thomas moved to set aside the jury's verdict, arguing, <u>inter alia</u>, that the trial court's subject matter jurisdiction had not been proved.  That motion was denied.

## II.   SUBJECT MATTER JURISDICTION

Thomas contends the trial court erred when it denied his motion to set aside the verdict for lack of subject matter jurisdiction.[1]  He argues that the evidence failed to prove that the offenses with which he was charged occurred in Fredericksburg, Virginia.  The Commonwealth responds that the Fredericksburg location was proved by circumstantial evidence and by judicial notice.  It further argues that the territorial question raised by Thomas goes not to jurisdiction, but to venue, required to be raised pre-verdict.  <u>See</u> Code § 19.2-244.  It argues that because Thomas failed to raise this issue timely, it is waived.  We agree with Thomas' position.

---

[1] The criminal jurisdiction of the circuit courts is specified in Code §§ 19.2-239 and 17.1-513.  Code § 19.2-239 grants the circuit courts jurisdiction in criminal cases for "all presentments, indictments and information for offenses committed within their respective circuits."  Code § 17.1-513 provides the circuit courts with jurisdiction over all felonies committed in the Commonwealth.

-

### (A). <u>CIRCUMSTANTIAL EVIDENCE</u>

The Commonwealth notes that when Ms. Long reported the incidents to the Spotsylvania County Sheriff's Department, an officer there directed her to the Fredericksburg Police Department "since [the offenses] happened in Fredericksburg." The offenses were investigated by the Fredericksburg police. The official documentation specifying the charges asserted that the offenses had occurred in Fredericksburg.

> Allegations of venue contained solely in an indictment cannot supply proof [of venue and subject matter jurisdiction]. The mere fact that police of a certain jurisdiction investigate a crime cannot support an inference that the crime occurred within their jurisdiction.

<u>Sutherland v. Commonwealth</u>, 6 Va. App. 378, 382, 368 S.E.2d 295, 297 (1988) (citations omitted). <u>See</u> <u>also</u> <u>Owusu v. Commonwealth</u>, 11 Va. App. 671, 401 S.E.2d 431 (1991). The mere fact that a Spotsylvania officer asserted to Ms. Long that the events happened in Fredericksburg is no more persuasive than the undertaking by the Fredericksburg police to investigate the case. Thus, the circumstantial evidence failed to prove that the events occurred in Fredericksburg.

### (B). <u>JUDICIAL NOTICE</u>

The trial court, familiar with the entire record, stated: "The identification as a location within the City of Fredericksburg, identification by street address." The Commonwealth argues that the trial court thereby took judicial

-

notice that "807 Denton Circle" and "Bragg Hill" are located within the City of Fredericksburg.  The record does not support that contention.

"Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact." Scafetta v. Arlington County, 13 Va. App. 646, 648, 414 S.E.2d 438, 439, aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992).  "A trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute."  Taylor v. Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d 113, 116 (1998) (en banc) (citations omitted).

"[T]he fact of judicial notice must appear from the record."  Sutherland, 6 Va. App. at 383, 368 S.E.2d at 298 (citing Keesee v. Commonwealth, 216 Va. 174, 175, 217 S.E.2d 808, 809 (1975)).  The record discloses neither that the trial court took judicial notice of the location of "807 Denton Circle" or "Bragg Hill," nor that either address is, as a matter of common knowledge, located within the City of Fredericksburg, Virginia.

(C).  <u>JURISDICTION V. VENUE</u>

The Commonwealth argues that the issue raised by Thomas addresses not jurisdiction, but merely venue.  We disagree.  The

-

jurisdictional grant set forth in Code § 19.2-239 empowers the circuit court to try charges relating to offenses committed within the Commonwealth. The Commonwealth's jurisdiction over those offenses is essential to the exercise of that jurisdiction. The venue provision of Code § 19.2-244 addresses only the locality, within the Commonwealth, in which such charges may be tried. The evidence in this case failed to prove that the offenses charged occurred at a locality within the Commonwealth and, thus, failed to prove that the offenses occurred in the Commonwealth. This created a deficiency in proof of jurisdiction.

This case is controlled by Owusu. The indictment in that case alleged a robbery at Horner Road Exxon in Prince William County. However, the evidence disclosed only that the robbery occurred at Horner Road Exxon and that it had been investigated by the Prince William County Police Department. Reversing Owusu's conviction for the Commonwealth's failure to prove subject matter jurisdiction, we said:

> [S]ubject matter jurisdiction "must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class in which the court rendering the judgment was given cognizance." . . . [W]e find no direct or circumstantial evidence tending to prove that the offenses occurred within the Commonwealth of Virginia. No street address, town, or locality was mentioned with respect to the location of the offenses.

-

<u>Owusu</u>, 11 Va. App. at 673, 401 S.E.2d at 432 (citation omitted). The evidence in this case mentions a street address and "Bragg Hill." However, nothing in the record ties either location to a locality within the Commonwealth.

In <u>Owusu</u>, we described the failure of locational proof as a failure to prove "subject matter jurisdiction." This failure of proof impaired the trial court's "subject matter jurisdiction" because it impaired the ability of the trial court to try the accusation before it. The essence of the impairment, however, went not to the true subject matter of the case, the classification of the issues on trial, but rather to proof that the events alleged occurred within the trial court's territorial jurisdiction. Thus, the issue in <u>Owusu</u> was, in the strictest sense, an issue of territorial jurisdiction, as is the issue in this case. See <u>Foster-Zahid v. Commonwealth</u>, 23 Va. App. 430, 435-41, 477 S.E.2d 759, 761-64 (1996); <u>Curtis v. Commonwealth</u>, 13 Va. App. 622, 629, 414 S.E.2d 421, 425 (1992).

While the Commonwealth's failure to prove jurisdiction requires reversal of Thomas' convictions, it does not require dismissal of the charges again him. As we said in <u>Owusu</u>:

> [P]roof of subject matter jurisdiction is not part of the crime, and therefore, does not go to the merits of the case. Therefore, the case will be remanded for further proceedings . . . .

11 Va. App. at 674, 401 S.E.2d at 432.

-

### III.  COMMONWEALTH'S ATTORNEY'S ARGUMENT

The Commonwealth's attorney's argument, complained of on appeal, was improper and was properly curbed by the trial court. Because this argument is unlikely to occur on retrial, we need not address it further.

The judgment of the trial court is reversed, and this case is remanded for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.
