COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bray and Annunziata
Argued by teleconference


CARL BURNES GORDON
                                            OPINION BY
v.    Record No. 1195-01-4        JUDGE ROSEMARIE ANNUNZIATA
                                         AUGUST 27, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                    Herman A. Whisenant, Jr., Judge

            Lisa B. Kemler (Zwerling & Kemler, on brief),
            for appellant.

            Leah A. Darron, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     On December 13, 2000, Carl Burnes Gordon was convicted at a

jury trial in the Circuit Court of Prince William County of

transporting marijuana into the Commonwealth with intent to

distribute, in violation of Code § 18.2-248.01, and of

possession with intent to distribute more than five pounds of

marijuana, in violation of Code § 18.2-248.1(a)(3).  The trial

court sentenced him to twelve years in prison, with nine years

suspended, and fined him $60,000, with $50,000 suspended, on the

transportation conviction.

     On March 6, 2001, several months after his conviction and

sentence by the trial court, Gordon filed a motion to set aside

his conviction for transporting marijuana into the Commonwealth

for lack of jurisdiction.  The trial court found that Gordon's argument related to venue and was, therefore, waived by his failure to raise it before trial.  The court entered final judgment on April 18, 2001.  For the reasons that follow, we affirm.

## Background

On July 17, 2000, State Trooper James Robinson noticed a tractor-trailer without taillights on Interstate 66 in Prince William County.  Robinson stopped the vehicle, which Gordon drove.  Gordon told Robinson that he knew his taillights were not functioning properly, but he hoped to reach Maryland before stopping.  He claimed he was delivering produce he picked up in California.

The trooper wrote a traffic summons for the defective taillights and asked Gordon to step down from his truck to sign the summons.  The trooper asked to search the truck, and Gordon consented.  The trooper found six boxes that were different in appearance and color from the remainder of the boxes.  He discovered that these boxes were packed with 145 pounds of marijuana.  He also found $7,767 in cash.  Based on this evidence, the jury convicted Gordon of transporting marijuana into the Commonwealth and of possession of marijuana with intent to distribute.

-

In his post-trial motion and on appeal, Gordon argues that the Circuit Court of Prince William County lacked jurisdiction to try him for transporting marijuana into the Commonwealth because it failed to prove that his offense occurred within the "jurisdiction" or boundaries of Prince William County.  He bases his claim on Code § 19.2-239, which provides the circuit courts with "exclusive jurisdiction for the trial of all presentments and informations for offenses committed within their respective circuits."  He does not base his claim on Code § 19.2-244, which governs the venue of trial,[1] or Code § 17.1-513, which governs the subject matter jurisdiction of the circuit courts.[2] The circuit court treated Gordon's claim as one involving improper venue, and not subject matter jurisdiction, and found the claim to be untimely.  Although we find that the claim is one of

---

[1] Code § 19.2-244 provides:

> Except as otherwise provided by law, the prosecution of a criminal case shall be had in the county or city in which the offense was committed.  Except as to motions for a change of venue, all other questions of venue must be raised before verdict in cases tried by a jury and before the finding of guilty in cases tried by the court without a jury.

[2] Code § 17.1-513 provides, in pertinent part:

> The circuit courts shall have . . . original jurisdiction of all indictments for felonies and of presentments, informations and indictments for misdemeanors.

-

territorial jurisdiction, not venue, we affirm Gordon's

conviction because his objection to the circuit court's

territorial jurisdiction under Code § 19.2-239 was untimely.

Gordon claims that the import of the term jurisdiction in

Code § 19.2-239 is analogous to that of subject matter

jurisdiction and is therefore not subject to waiver.  We

disagree.

"Subject matter jurisdiction is the authority granted to a

court by constitution or by statute to adjudicate a class of

cases or controversies."  Earley v. Landslide, 257 Va. 365, 371,

514 S.E.2d 153, 156 (1999) (citation omitted); accord Morrison

v. Bestler, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990).[3]

---

[3] In Morrison, where the Supreme Court was faced with a
similar attempt to classify a procedural error as one of subject
matter jurisdiction, the Court noted:

> The term jurisdiction embraces several
> concepts including subject matter
> jurisdiction, which is the authority granted
> through constitution or statute to
> adjudicate a class of cases or
> controversies; territorial jurisdiction,
> that is, authority over persons, things, or
> occurrences located in a defined geographic
> area; notice jurisdiction, or effective
> notice to a party or if the proceeding is in
> rem seizure of a res; and "the other
> conditions of fact must exist which are
> demanded by the unwritten or statute law as
> the prerequisites of the authority of the
> court to proceed to judgment or decree."
> Farant Investment Corp. v. Francis, 138 Va.
> 417, 427-28, 122 S.E. 141, 144 (1924).
>
> While these elements are necessary to enable
> a court to proceed to a valid judgment,

-

Subject matter jurisdiction over the class of felonies that the

court may hear is provided by Code § 17.1-513.  See Code

§ 17.1-513; Thomas v. Commonwealth, 36 Va. App. 326, 330 n.1,

549 S.E.2d 648, 650 n.1 (2001) (noting that Code § 17.1-513

provides the Circuit Courts with jurisdiction over all felonies

committed in the Commonwealth).  There is no question that the

Circuit Court of Prince William County had subject matter

jurisdiction to the felony case at issue here.

> there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements.
>
> *    *    *    *    *    *    *
>
> [T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court sua sponte.  Thacker v. Hubard, 122 Va. 379, 386, 94 S.E. 929, 930 (1918).  In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal.  Rule 5:25.
>
> One consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved.  See Restatement (Second) of Judgments, § 11 (1980).

Morrison, 239 Va. at 169-70, 387 S.E.2d at 755-56.

Rather, Gordon's claim that the Commonwealth did not prove that his offense occurred within the "jurisdiction" of the Circuit Court of Prince William County, is essentially a claim that the trial court lacked territorial jurisdiction. The term, "jurisdiction," as used in Code § 19.2-239, refers to the circuit court's "authority over persons, things, or occurrences located in a defined geographic area," which is properly categorized as "territorial jurisdiction" rather than "subject matter jurisdiction." Morrison, 239 Va. at 169, 387 S.E.2d at 755; see Thomas, 36 Va. App. at 333, 549 S.E.2d at 651 (finding defendant's claim that his offense did not occur within the county of the circuit court in which he was convicted, in violation of Code § 19.2-239, "was, in the strictest sense, an issue of territorial[, and not subject matter,] jurisdiction . . . . "); accord Foster-Zahid v. Commonwealth, 23 Va. App. 430, 440, 477 S.E.2d 759, 764 (1996); Curtis v. Commonwealth, 13 Va. App. 622, 629, 474 S.E.2d 421, 425 (1992).

As the Supreme Court noted in Morrison, a defendant's claim that the trial court lacked territorial jurisdiction is generally waivable. See 239 Va. at 170, 387 S.E.2d at 756. However, where the defendant claims that the evidence failed to prove that the offense occurred in the Commonwealth, we have found the claim is not subject to waiver. See Thomas, 36 Va. App. at 332-33, 549 S.E.2d at 651 (finding territorial jurisdiction claim not waived by defendant's failure to raise it

-

pre-verdict because the Commonwealth failed "to prove that [Thomas'] offenses occurred within the Commonwealth of Virginia"); see also Healy v. The Beer Institute, 491 U.S. 324, 336 n.13 (1989) (noting that "to assert extraterritorial jurisdiction over persons or property would offend sister States and exceed the inherent limits of the State's power" (internal quotation and citation omitted)). In this case, it is undisputed that Gordon's offenses occurred in Virginia. Gordon claims only the trial court lacked territorial jurisdiction to try him because the Commonwealth failed to prove that his offense occurred within the territorial jurisdiction of the Circuit Court of Prince William County. Therefore, his claim, like that based on improper venue, is "waived unless raised in the pleadings filed with the trial court and properly preserved on appeal." Morrison, 239 Va. at 170, 387 S.E.2d at 756 (citing Rule 5:25). Accordingly, we affirm his convictions.

                                                    Affirmed.

-