COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Frank and Humphreys
Argued at Chesapeake, Virginia


ROOSEVELT GREEN

v.    Record No. 2945-01-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT P. FRANK
NOVEMBER 5, 2002

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick H. Creekmore, Judge

Randolph D. Stowe for appellant.

Susan M. Harris, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


Roosevelt Green (appellant) was convicted in a bench trial of possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2. On appeal, he contends the trial court erred in taking judicial notice of his age at the time of the predicate juvenile adjudication. For the reasons stated, we reverse the firearm conviction.

BACKGROUND

Appellant appeared before the Chesapeake Circuit Court for trial on a charge of possession of a firearm by a felon.[1] After

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] At the time of this offense, Code § 18.2-308.2 stated, in part:

appellant was sworn, the trial court conducted a colloquy, pursuant to Rule 3A:18, to determine if his plea was voluntary. In response to these questions, appellant stated his name and indicated he was twenty-one years old, born on April 28, 1980.

The Commonwealth then presented its evidence. To prove the predicate felony conviction, the Commonwealth offered three orders of the Chesapeake Juvenile and Domestic Relations District Court, dated April 22, 1997, May 15, 1997, and October 29, 1997. These orders indicated appellant was adjudicated delinquent in 1997 for committing a grand larceny. None of these orders indicated appellant's date of birth, the date that the grand larceny occurred, or his age at the time of the larceny. Appellant did not testify.

At the conclusion of the Commonwealth's case, appellant moved to strike the evidence, arguing the Commonwealth had not proved he

---

> A. It shall be unlawful for . . . (ii) any person under the age of twenty-nine who was found guilty as a juvenile fourteen years of age or older <u>at the time of the offense</u> of a delinquent act which would be a felony if committed by an adult, whether such conviction or adjudication occurred under the laws of this Commonwealth, or any other state, the District of Columbia, the United States or any territory thereof, to knowingly and intentionally possess or transport any firearm or to knowingly and intentionally carry about his person, hidden from common observation, any weapon described in § 18.2-308 A.

(Emphasis added.)

-

was at least fourteen years old when the grand larceny occurred, as required by Code § 18.2-308.2(A)(ii).[2]  The Commonwealth responded that the court could take judicial notice of appellant's age, and the trial court agreed, stating appellant's "testimony as to his age today would negate that defense."

ANALYSIS

The issue before us is whether, in this case, the trial court properly took judicial notice of appellant's age at the time of the offense, based on appellant's answers during the colloquy. Clearly, the Commonwealth did not introduce evidence of appellant's age at the time of the predicate offense. Additionally, appellant's answers during the colloquy did not suggest when the offense occurred or his age at that time.

> "Judicial notice permits a court to determine the existence of a fact without formal evidence tending to support that fact."  Scafetta v. Arlington County, 13 Va. App. 646, 648, 414 S.E.2d 438, 439, aff'd on reh'g, 14 Va. App. 834, 425 S.E.2d 807 (1992).  "A trial court may take judicial notice of those facts that are either (1) so 'generally known' within the jurisdiction or (2) so 'easily ascertainable' by reference to reliable sources that reasonably informed people in the community would not regard them as reasonably subject to dispute."  Taylor v.

---

[2] At times, appellant argued no evidence proved he was at least fourteen years old at the time of adjudication.  The Commonwealth's attorney was equally confused, responding, "[H]e told the court he was twenty-one.  This is a 1997 conviction. He had to be older than fourteen years."  This exchange clearly focused on appellant's age at adjudication, not at the time of the offense.

-

> Commonwealth, 28 Va. App. 1, 7-8, 502 S.E.2d
> 113, 116 (1998) (en banc) (citations
> omitted).

Thomas v. Commonwealth, 36 Va. App. 326, 331-32, 549 S.E.2d 648,

650-51 (2001).

> Judicial notice is a short cut to avoid the
> necessity for the formal introduction of
> evidence in certain cases where there is no
> need for such evidence.  It is a rule of
> necessity and public policy in the
> expedition of trials.  It relieves the party
> from offering evidence because the matter is
> one which the judge either knows or can
> easily discover.

Williams v. Commonwealth, 190 Va. 280, 291, 56 S.E.2d 537, 542

(1949).

No evidence was presented or noticed regarding the date on

which the grand larceny occurred or appellant's age on that date.[3]

Not knowing the date of the offense, the trial court could not

determine appellant's age at the time of the larceny.[4]  The

offense could have occurred three months or three years prior to

the adjudication.  Appellant could have been at large for several

years.

---

[3] The juvenile petition, with the larceny offense date, was
not included in the orders submitted to the trial court.

[4] For the purposes of this opinion, we address neither the
Commonwealth's argument that the trial court properly took
judicial notice of appellant's date of birth nor appellant's
argument that the Fifth Amendment of the United States
Constitution bars the use of the colloquy as evidence against
him.  These issues are unnecessary to the resolution of this
appeal.

The trial court simply assumed the offense occurred within three years prior to the adjudication date. The trial court erroneously took judicial notice of a fact, the date of the offense, when that fact was not "generally known" nor so easily ascertainable that reasonably informed people in the community would not regard the date as subject to dispute. See Thomas, 36 Va. App. at 331-32, 549 S.E.2d at 650-51.

The Commonwealth argues appellant's appeal is a collateral attack on the predicate offense. Clearly, appellant does not attack the validity of the grand larceny conviction. He argues only that the Commonwealth failed to prove appellant's age at the time the larceny was committed, thereby failing to prove an element of the possession offense. See Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 682 (1991) (finding the Commonwealth failed to present any evidence on an element of the charged offense, therefore, defendant could not be convicted of that offense).

Finding the Commonwealth did not prove appellant's age at the time of the predicate offense, we reverse appellant's conviction and dismiss.

                                        Reversed and dismissed.

-