COURT OF APPEALS OF VIRGINIA

Present:    Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


JULIETTE MARIA DIXON

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 2153-04-2                       JUDGE NELSON T. OVERTON
                                                             MAY 2, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge Designate

Mark S. Gardner (Gardner, Maupin, Sutton & Haney, P.C., on brief),
for appellant.

Donald E. Jeffrey III, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


A jury convicted Juliette Maria Dixon, appellant, of second-degree murder and stabbing

another in the commission of a felony.  On appeal, appellant contends the evidence did not prove

the trial court had subject matter jurisdiction to try appellant for the offenses.  Specifically, appellant

argues the evidence did not establish the crimes occurred within Virginia.  We find no merit to

appellant's contention and affirm her convictions.

FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

During the early morning hours of July 16, 2001, Officer Thomas Obenrader of the

Richmond police responded to the scene of a reported stabbing at 4226 Chamberlayne Avenue, a

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

rooming house where appellant lived across the hall from Ebony Coleman. Obenrader found appellant inside the residence and asked her what had happened. Appellant said she had "stabbed the bitch." Obenrader asked appellant where the knife was located. Appellant replied, "It's probably still sticking in her." Obenrader immediately took appellant into custody. The police found Coleman in the upstairs hallway of the rooming house. Coleman had sustained a single fatal stab wound to the chest.

At trial, the Commonwealth introduced Exhibits 15 and 16, diagrams of the two floors of the residence at 4226 Chamberlayne Avenue. Within the title of both diagrams was "4226 Chamberlayne Ave., Richmond VA." The Commonwealth also introduced an arrest warrant that had been issued against Coleman. Beneath Coleman's name on the warrant was an address on Old Denny Street in "Richmond, VA," as well as the street address "4226 Chamberlayne #1C."

The police seized numerous items of evidence from the crime scene. The evidence was analyzed by scientists at the Division of Forensic Science of the Commonwealth of Virginia. The resulting certificates of analysis were sent to Officer Scott Leonard, a forensic detective employed by the Richmond Police Department at an address in Richmond, Virginia. The evidence established that police officers of the City of Richmond and an assistant Richmond Commonwealth's attorney were involved in the investigation of the case and the circumstances leading to the incident.

On the night of the killing, Tyrone Williams, a resident of the rooming house, placed two 911 calls to the police regarding Coleman's behavior toward appellant. The transcripts of the two 911 calls indicate the calls were received by an emergency communications center in Richmond, Virginia.

DISCUSSION

Appellant maintains the trial court did not have subject matter jurisdiction because the evidence did not prove the crimes occurred within Virginia. "Because a court's power to act presupposes subject matter jurisdiction, the absence of subject matter jurisdiction 'may be raised at any time, in any manner, before any court, or by the court itself.'" Jones v. Commonwealth, 42 Va. App. 142, 146, 590 S.E.2d 572, 574 (2004) (*en banc*) (quoting Humphreys v. Commonwealth, 186 Va. 765, 772, 43 S.E.2d 890, 893 (1947)).

As this Court has noted,

> [t]he criminal jurisdiction of the circuit courts is specified in Code §§ 19.2-239 and 17.1-513. Code § 19.2-239 grants the circuit courts jurisdiction in criminal cases for "all presentments, indictments and information for offenses committed within their respective circuits." Code § 17.1-513 provides the circuit courts with jurisdiction over all felonies committed in the Commonwealth.

Thomas v. Commonwealth, 36 Va. App. 326, 330 n.1, 549 S.E.2d 648, 650 n.1 (2001). "The jurisdictional grant set forth in Code § 19.2-239 empowers the circuit court to try charges relating to offenses committed within the Commonwealth." Id. at 332, 549 S.E.2d at 651. See also Moreno v. Baskerville, 249 Va. 16, 18, 452 S.E.2d 653, 655 (1995) ("[e]very crime to be punished in Virginia must be committed in Virginia"). "The term, 'jurisdiction,' as used in Code § 19.2-239, refers to the circuit court's 'authority over persons, things, or occurrences located in a defined geographic area,' which is properly categorized as 'territorial jurisdiction' rather than 'subject matter jurisdiction.'" Gordon v. Commonwealth, 38 Va. App. 818, 822, 568 S.E.2d 452, 454 (2002). Nonetheless, if the evidence "failed to prove that the offenses charged occurred at a locality within the Commonwealth and, thus, failed to prove that the offenses occurred in the Commonwealth," there is "a deficiency in proof of jurisdiction." Thomas, 36 Va. App. at 332, 549 S.E.2d at 651.

To establish that the trial court possessed jurisdiction, "evidence supporting the conclusion "'must affirmatively appear on the face of the record, that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance.'"" Jones, 42 Va. App. at 146, 590 S.E.2d at 574 (quoting Owusu v. Commonwealth, 11 Va. App. 671, 673, 401 S.E.2d 431, 432 (1991)). Territorial jurisdiction may be proven by direct or circumstantial evidence indicating the crime occurred in the Commonwealth. See Owusu, 11 Va. App. at 673, 401 S.E.2d at 432.

Undisputed evidence proved that appellant stabbed Coleman inside the rooming house at 4226 Chamberlayne Avenue. No witness identified this address as located within the City of Richmond or within Virginia. However, the titles of Exhibits 15 and 16, the diagrams of the residence at 4226 Chamberlayne Avenue, indicated that the address was located in Richmond, Virginia. The physical evidence taken from the crime scene was analyzed by the Division of Forensic Science of the Commonwealth of Virginia. Police officers of the City of Richmond and an assistant Richmond Commonwealth's attorney were involved in the investigation of the case. Moreover, an arrest warrant issued for Coleman indicated an address of 4226 Chamberlayne Avenue and a locality of Richmond, Virginia.

Considered as a whole, these facts and circumstances proved that the crimes occurred in Richmond, a locality within Virginia. Therefore, the evidence established that the trial court had territorial jurisdiction to try appellant for the charged offenses. Accordingly, appellant's convictions are affirmed.

Affirmed.