983 So.2d 1235 (2008)
Nancy KLEM, Appellant,
v.
Jane Elizabeth ESPEJO-NORTON, Appellee.
No. 3D06-3080.
District Court of Appeal of Florida, Third District.
June 25, 2008.
*1236 Sheldon Zipkin, North Miami Beach, for appellant.
Elizabeth K. Russo, Miami, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This is an appeal from a final judgment from the Miami-Dade circuit court which imposed a constructive trust on a Broward County fund representing the one-half of the testatrix's estate left to the plaintiff by her godmother, but which she did not receive from the probate of that estate in Miami-Dade County because she was not found prior to the closing of the estate. See Espejo-Norton v. Estate of Merry, 869 So.2d 1255 (Fla. 3d DCA 2004) (affirming order refusing to reopen estate). The supporting facts and the rationale which supports the relief granted below are set out in the specially concurring opinion in Espejo-Norton:
[In][t]his . . . fascinating case . . . one of the two goddaughters who were the named residual devisees of the testatrix's $400,000.00-plus estate turned up several years after the estate had been closed, after she had quite erroneously been declared dead by the circuit court, and after all the proceeds had been distributed to the other devisee. Because, insofar as the record shows, diligent, although futile, efforts had been expended to find her, . . . with affirmance of the order before us denying her motion to reopen the estate [is in order]. See Estate of Bateman, 290 So.2d 528 (Fla. 3d DCA 1974); Phillips v. Ball, 1960 OK 145, 358 P.2d 193 (Okla.1960).
It should be pointed out, however, a separate action may now be successfully maintained against the other devisee to impose a constructive trust upon the half of the estate that that devisee received, but which in law and equity belongs to the appellant. As the Restatement says:
§ 126. Rights of Intended Payee or Grantee. Business Transaction.
(1) Where a person has paid money or transferred property to another in the erroneous belief, induced by a mistake of fact, that he owed a duty to the other so to do, whereas such duty was owed to a third person, the transferee, unless a bona fide purchaser, is under a duty of restitution to the third party.
* * *
Illustrations:
2. A, administrator of B's estate, pays money out of the assets of the estate to C, B's brother, whom both A and C believe to be B's sole relative. Later D, B's son and next of kin, believed to be dead, appears. D is entitled to restitution from C. (e.s.) *1237 Restatement (First) of Restitution § 126 comment c (1937). Accord Phillips, 1960 OK at 145, 358 P.2d at 193; Hewitt v. Hewitt, 17 F.2d 716 (9th Cir.1927); 31 Am.Jur.2d Executors and Administrators § 964 (2003). See also Kramer v. Freedman, 272 So.2d 195 (Fla. 3d DCA 1973) (constructive trust imposed on beneficiaries although direct attack on validity of will in probate court failed), cert. discharged, 295 So.2d 97 (Fla.1973).
Espejo-Norton, 869 So.2d at 1256 (footnote omitted). This is the "separate action [which was indeed] successfully maintained" below. Id. We affirm.
The only issue raised by the appellant which deserves discussion, though not reversal, concerns the power of the lower tribunal to enter the judgment under review. While we agree that the court did not acquire in personam jurisdiction over Dr. Espejo-Norton's godsister,[1] the appellant, it is clear that the court did have quasi in rem authority over the estate assets, which had been distributed by the Miami-Dade court and then placed intact by Ms. Klem in a brokerage account in Coral Springs, Broward County. This was the effect in Escudero v. Hasbun, 689 So.2d 1144, 1146 n. 3 (Fla. 3d DCA 1997), in which a Miami-Dade County court was held to have properly acquired jurisdiction over funds which had been wrongfully taken from the proceeds of a Miami-Dade County certificate of deposit, and deposited in a bank in Broward County. We follow that holding in this case.
As Escudero indicates, the fact that the res in question is not within the Eleventh Circuit makes no difference. This is because the issue, properly considered, is not one of subject matter jurisdiction, which may not be waived. To the contrary, it is clear that the court has "subject matter jurisdiction" over a claim to establish a constructive trust. See Beta Real Corp. v. Graham, 839 So.2d 890, 892 (Fla. 3d DCA 2003); VL Orlando Bldg. Corp. v. AGD Hospitality Design & Purchasing, Inc., 762 So.2d 956, 957 (Fla. 4th DCA 2000) ("Although the exclusive jurisdiction of a circuit court to foreclose a lien on property in that circuit has been loosely referred to as subject matter jurisdiction, that is a misnomer. Subject matter jurisdiction means `the power of the court to adjudicate the class of cases to which the particular case belongs.' The Broward circuit court has jurisdiction over mechanic lien foreclosures and, accordingly, did not lack subject matter jurisdiction over that count." (quoting Crill v. State Road Dep't, 96 Fla. 110, 117 So. 795, 798 (1928))) (citations omitted), review denied, 790 So.2d 1111 (Fla.2001); Escudero, 689 So.2d at 1144. Rather, it involves a question of "territorial jurisdiction," as it is sometimes called in this context, which may be waived by a failure properly to assert it below, as it was in this case. See World Vacation Travel, S.A. v. Brooker, 799 So.2d 410, 412 (Fla. 3d DCA 2001) (territorial jurisdiction *1238 may be waived by contract), review denied, 821 So.2d 292 (Fla.2002); Jordan v. Guar. Pest Control, Inc., 292 Ala. 601, 298 So.2d 244 (1974) (concluding that territorial jurisdiction may be waived); Morrison v. Bestler, 239 Va. 166, 387 S.E.2d 753, 755-56 (1990) (noting difference among subject matter, territorial and notice jurisdictions and concluding that only subject matter jurisdiction may not be waived); Gordon v. Commonwealth, 38 Va.App. 818, 568 S.E.2d 452 (2002) (territorial jurisdiction may be waived); State v. Randle, 252 Wis.2d 743, 647 N.W.2d 324, 329 n. 4 (Wis. Ct.App.2002) (observing that territorial jurisdiction is "an incident of personal jurisdiction that can be waived"), review denied, 254 Wis.2d 262, 648 N.W.2d 477 (2002); see also Bush v. State, 945 So.2d 1207, 1211 (Fla.2006) (observing that all state circuit courts have jurisdiction to issue writs of mandamus no matter where respondent is located); Lane v. State, 388 So.2d 1022, 1027 (Fla.1980) (agreeing that "`[t]he sovereign power of the State exists whether the venue is properly laid in one county or another so long as the appropriate venue is within the territorial jurisdiction of the State'" (quoting State v. Baldwin, 305 A.2d 555, 558 (Me.1973))) (emphasis added); Bucacci v. Boutin, 933 So.2d 580, 587 (Fla. 3d DCA 2006) (noting recognition "that equitable lien claims may be brought in this district, even though the suit affects land not within the territorial jurisdiction of the court"); Spector v. Old Town Key West Dev., Ltd., 567 So.2d 1017 (Fla. 3d DCA 1990) (holding that court has jurisdiction to regulate affairs of corporation with principal place of business in other circuit), review denied, 577 So.2d 1327 (Fla.1991); Schwartz v. Capital City Nat'l Bank, 365 So.2d 181 (Fla. 1st DCA 1978) (stating that authority of court which enters judgment extends to execution proceedings on debtor's property in different circuit); Tower Credit Corp. v. State, 187 So.2d 923 (Fla. 4th DCA 1966) (observing that scope of Florida circuit court jurisdiction extends to entire state); but cf. Citibank, N.A. v. Klein, 396 So.2d 763, 764 (Fla. 3d DCA 1981). See generally McGowin v. McGowin, 122 Fla. 394, 165 So. 274 (1936); State v. Ostergard, 360 So.2d 414, 414 (Fla.1978) (Adkins, J., concurring specially); 21 C.J.S. Courts § 112 (2006); 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3801 at 13 (3d ed. 2007); Judge Scott Stephens, Florida's Third Species of Jurisdiction, 82 Fla. Bar J. 11 (March 2008).
In this critical respect, the issue is like several related others which are often loosely referred to as involving strictly "jurisdictional" question of unwaivable subject matter, but in fact do not. See Fla. Dep't of Children & Families v. Sun-Sentinel, Inc., 865 So.2d 1278, 1287 (Fla.2004) (home venue privilege requiring case against state agency to be brought in headquarters' county subject to specific exception of waiver); VL Orlando Bldg. Corp., 762 So.2d at 957 (court has jurisdiction to transfer action to county of affected realty); In re Dalton's Estate, 246 So.2d 612 (Fla. 3d DCA 1971) (doctrine that only court of county of testatrix's domicile has "jurisdiction" over estate subject to waiver by delay), cert. denied, 252 So.2d 800 (Fla. 1971); Pastor v. Pastor, 929 So.2d 576 (Fla. 4th DCA 2006) (relying on In re Dalton's Estate). See generally Stephens, supra at 11-25.
Under this rule, the claim that Miami-Dade County circuit court lacked "jurisdictional" authority to deal with a Broward County res was never properly asserted below, and therefore cannot be *1239 relied upon on appeal. See Three Seas Corp. v. FFE Transp. Servs., Inc., 913 So.2d 72 (Fla. 3d DCA 2005); Tip Top Enters., Inc. v. Summit Consulting, Inc., 905 So.2d 201 (Fla. 3d DCA 2005); see also Sun-Sentinel, Inc., 865 So.2d at 1284 n. 9.
Affirmed.
GREEN, J., concurs.
COPE, J. (dissenting).
The trial court did not have quasi in rem jurisdiction because the res, a brokerage account in Broward County, is not within the territorial jurisdiction of the trial court. The trial court's jurisdiction was confined to Miami-Dade County.
I agree with the majority opinion that there was no personal jurisdiction over defendant-appellant Nancy Klem, who is a resident of Maryland. It follows that the judgment must be reversed for lack of jurisdiction, and the trial court case must be transferred to Broward County.

I.
Plaintiff-appellee Jane Elizabeth Espejo-Norton brought suit against defendant Klem, seeking to impose a constructive trust on a portion of the proceeds of the estate of Dorothea Merry, which had been distributed to the defendant by the probate division of the circuit court. See Espejo-Norton v. Estate of Merry, 869 So.2d 1255, 1256 (Fla. 3d DCA 2004) (Schwartz, J. concurring).
The plaintiff is a resident of California. The defendant is a resident of Maryland. The will of Dorothea Merry was probated in the circuit court in Miami-Dade County. The plaintiff and defendant were both goddaughters of Ms. Merry, and both were designated as beneficiaries under Ms. Merry's will. After a diligent search, the defendant was located but not the plaintiff. Id. The court entered an order finding the defendant to be the sole heir, and directed the personal representative to make distribution to her. The defendant deposited proceeds from the estate in a brokerage account in Broward County.
Upon learning of the bequest, the plaintiff unsuccessfully moved to reopen the probate proceeding. Id.
Thereafter the plaintiff filed the instant lawsuit, seeking to impose a constructive trust on a portion of the estate proceeds which the defendant received. The plaintiff's complaint did not plead any basis for jurisdiction.
The defendant moved to dismiss, asserting that there was no basis for jurisdiction over the defendant's person or property. The motion to dismiss said, in part,
This Court lacks personal jurisdiction over the Defendant who is a resident of the State of Maryland, does no business in Florida and owns no real property in Miami-Dade County. Furthermore, the Plaintiff failed to meet the requirement of FS 48.193 to establish that the cause of action arose in Miami-Dade County or that there are assets subject to a constructive trust in this jurisdiction.
After denial of the motion to dismiss, the defendant repeated the identical jurisdictional objection in her affirmative defenses. Eventually, the trial court entered judgment for $262,870 for the plaintiff, and the defendant has appealed.[2]

II.
I agree with the majority that there is no personal jurisdiction over the defendant. See majority opinion at 3 n. 1.
*1240 None of the provisions of the long-arm statute is broad enough to cover the present dispute. There was no waiver of the objection to personal jurisdiction. This lawsuit cannot be maintained on any theory that there is any personal jurisdiction over the defendant.

III.
The remaining issue is whether there is a basis for the exercise of quasi in rem jurisdiction. There is not.
"In a quasi in rem action, the rights of owners to property placed within the trial court's territorial borders may be adjudicated without regard to residence or presence of its owners." 12A Fla. Jur.2d Courts and Judges § 54, at 455 (2005); Escudero v. Hasbun, 689 So.2d 1144, 1146 n. 3 (Fla. 3d DCA 1997); Walz v. Von Schweiger, 575 So.2d 788, 789-90 (Fla. 3d DCA 1991); Harris & Co. Adver., Inc. v. Republic of Cuba, 127 So.2d 687, 693 (Fla. 3d DCA 1961); Philip J. Padovano, Florida Civil Practice § 1.3 (2007).
"Traditionally, the exercise of quasi in rem jurisdiction required seizure or attachment of the property at the outset of the proceeding." Wiggins v. Dojcsan, 411 So.2d 894, 895 (Fla. 2d DCA 1982); Philip J. Padovano, Florida Civil Practice § 1.3, at 9. However, the actual
seizure of the property by garnishment or attachment need not have been effected at the outset of the action, if the complaint contains a description of the property and a statement that the court has quasi in rem jurisdiction, and if the defendant has clear notice that the property is in jeopardy.
Philip J. Padovano, Florida Civil Practice § 1.4, at 9.
Based on the foregoing authorities, to exercise quasi in rem jurisdiction the property must be within the territorial jurisdiction of the court, because the property either (a) has been actually seized, or (b) will be subject to seizure.
Writing in the related context of in rem jurisdiction, the Florida Supreme Court has said, "To have subject matter jurisdiction in an in rem proceeding, a court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs and jurisdictional authority over the property which is the subject matter of the controversy." Ruth v. Dep't of Legal Affairs, 684 So.2d 181, 185 (Fla.1996) (emphasis added); see Philip J. Padovano, Florida Civil Practice § 1.3, at 6 (citing Ruth as creating "a two part test: (1) the court must have jurisdiction over the class of cases to which the case belongs, and (2) the court must have jurisdictional authority over the property or thing that is the subject of the controversy.").
The Ruth two-part test is equally applicable to a quasi in rem action. The court must have both the jurisdictional authority to adjudicate the class of cases to which the case belongs, and jurisdictional authority over the property which is the subject matter of the controversy. Ruth, 684 So.2d at 185. To have jurisdictional authority over the property, the property must be within the court's territorial jurisdiction.
The majority opinion bases the exercise of quasi in rem jurisdiction on this Court's decision in Escudero, 689 So.2d at 1144. As the majority opinion states, the facts of Escudero indicate that the husband and wife, Guatemalan nationals, agreed to divide their jointly held assets. The wife was allocated a certificate of deposit held in First Union National Bank in Miami. The husband was allocated a certificate of deposit held in NationsBank in Miami. Id. at 1145. After the couple separated, the husband withdrew the funds from both banks and deposited them in an account in *1241 his name in Hollywood, Florida. The wife brought suit seeking to recover the funds. The trial court issued a temporary injunction freezing the proceeds of the First Union Certificate of Deposit.
On appeal, the husband argued that the trial court did not have personal jurisdiction over him. The panel found "no merit to this argument as the proceeding below was quasi-in-rem in nature and as such the rights of owners to property placed within the lower court's territorial borders may be adjudicated without regard to the residence or presence of its owners." Id. at 1146 n. 3. Hollywood is located in Broward County, Florida and is, of course, outside the jurisdiction of the Circuit Court which sits in Miami-Dade County.
Assuming for present purposes that the Escudero case is correctly decided, it has no application here. In Escudero, the certificates of deposit were in Miami. The husband wrongfully took the funds from Miami to Broward County.
In the present case, by contrast, the probate court entered an order directing the personal representative to distribute cash and real estate to the defendant. The defendant's Miami counsel transmitted the cash proceeds to the defendant addressed to her home in Maryland. Thereafter, the defendant placed the funds in the brokerage account in Broward County. The defendant sold the real estate and received the cash proceeds. None of these actions was in any way wrongful at the time that the transmittal of funds occurred. By contrast, the Escudero case involved a wrongful taking of money from Miami to Broward County.[3]
The majority opinion argues that in the present case the question of territorial jurisdiction was "waived by failure properly to assert it below. . . ." Majority opinion at 5. The majority opinion is incorrect. The defendant raised this exact issue in her initial filing with the trial court, which was her motion to dismiss. The motion to dismiss stated,
This Court lacks personal jurisdiction over the Defendant who is a resident of the State of Maryland, does no business in Florida and owns no real property in Miami-Dade County. Furthermore, the Plaintiff failed to meet the requirement of FS 48.193 to establish that the cause of action arose in Miami-Dade County or that there are assets subject to a constructive trust in this jurisdiction."
(Emphasis added). The motion to dismiss was denied, and the defendant reasserted the identical defense as an affirmative defense. The depositions and other documents on file fully support this defense.

IV.
Writing in the context of in rem jurisdiction over real estate, the Florida Supreme *1242 Court said, "[A] court that does not have territorial and consequently in rem jurisdiction must transfer the case to a court that does." Ruth, 684 So.2d at 186. That remedy is available here.
For the stated reasons, we should reverse the summary judgment because there is neither personal jurisdiction nor quasi in rem jurisdiction. We should direct that the suit be transferred to the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, where the brokerage account is located.
NOTES
[1] Admittedly, there was no personal service of process on Ms. Klem. Moreover, we reject the appellee's contention that the defense of lack of personal jurisdiction was waived by the inclusion in the timely motion to dismiss, which specifically raised the claim by joining it with several other "defenses," including laches and res judicata. While this was indeed the law expressed in Sternberg v. Sternberg, 139 Fla. 219, 190 So. 486 (1939), that rule did not survive the enactment of the "new" rules of civil procedure more than fifty years ago. Under the present Rule 1.140, a timely asserted defense of lack of personal jurisdiction may be waived in such a situation only by joining it with a prayer for affirmative relief in the defendant's favor. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla. 1998), and cases cited; 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1397 (3d ed. 2004). That did not occur here. See Babcock, 707 So.2d at 705. (Contrary to the appellee's argument, the fact that Sternberg was cited in Babcock, 707 So.2d at 704 n. 5, especially since it followed a "cf." signal, obviously does not revive or reinstate a rule which is directly contrary to the holding of Babcock itself.)
[2] Earlier in the case the defendant moved for judgment on the pleadings, or alternatively for summary judgment, based on lack of jurisdiction. A predecessor judge granted the motion. This order was apparently set aside subsequently.
[3] The Escudero decision is factually distinguishable as I have just stated. In addition, I must respectfully suggest that while Escudero reached the correct result, it contains an incorrect analysis of quasi in rem jurisdiction. The Escudero decision in footnote three states the correct test for quasi in rem jurisdiction. 689 So.2d at 1146 n. 3. However, the application of that test to the facts was incorrect. The proceeds of the certificates of deposit were already in Broward County at the time the lawsuit was filed. Quasi in rem jurisdiction was available in Broward County, but not Miami-Dade County.

Escudero reached the correct result, however. Under the facts of the case, the husband committed a tortious act in Miami-Dade County: civil theft. This occurred when he wrongfully withdrew the proceeds of the wife's certificate of deposit from First Union. 689 So.2d at 1145-47. There was personal jurisdiction of the husband under the long arm statute because the husband committed a tort in Miami. See § 48.193(1)(b), Fla. Stat. (1995).